**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BARBARA ANTONUCCI,** **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 06-108 ML** |
| **CHERRY HILL MANOR, ET AL.,** **Defendants.** | : | |

**PLAINTIFF'S MOTION TO REMAND**

Now comes Plaintiff, Barbara Antonucci, and pursuant to 28 U.S.C. § 1447(c), hereby moves this Court to remand this action to the Rhode Island Superior Court for Providence County. Plaintiff also requests that the Court award reasonable attorneys fees and costs incurred by Plaintiff as a result of removal.

In support of this Motion, Plaintiff has submitted the attached memorandum.

Plaintiff,
By her attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within document has been faxed and sent by first-class mail on the 5th day of April 2006, to Anthony DiOrio, Esq., Jackson Lewis, LLP, 127 Dorrance St., 4th Fl., Providence, RI 02903 and Christopher J. Campbell, Esq., Jackson Lewis, LLP, 75 Park Place, Boston, MA 02116.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **BARBARA ANTONUCCI,**<br>**Plaintiff,** | |
| **v.** | **C.A. No. 06-108 ML** |
| **CHERRY HILL MANOR, ET AL.,**<br>**Defendants.** | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

## I. Introduction.

After being employed for about eighteen years at nursing home Cherry Hill Manor, Plaintiff, Barbara Antonucci ("Plaintiff") was fired for alleged performance problems. Because the "performance" issues were a pretext for age discrimination, Plaintiff filed charges of discrimination in January 2005. In October 2005, after receiving the right-to-sue from the Commission for Human Rights, Plaintiff filed her state law complaint in Rhode Island Superior Court. The Amended Complaint named as Defendants her employer, Cherry Hill Manor, Cherry Hill Nursing, Ltd. ("Cherry Hill Nursing") and Edward Mitson, Jr. ("Mitson") as owners and general partner of Cherry Hill Nursing, Life Care Centers of America, Inc. ("Life Care") who operates and/or manages Cherry Hill, and Pamela Charron ("Charron") and Steven Haase ("Haase") who where Plaintiff's supervisors. See Exhibit A, *Amended Complaint*.

Despite the fact that (1) diversity of citizenship does not exist; (2) even if it did, all Defendants have not consented to removal; and (3) Life Care has not established the jurisdictional prerequisite amount-in-controversy, Life Care went ahead and removed the case.

Because this Court does not have jurisdiction and Plaintiff requests that the matter be remanded to Providence County Superior Court.

## II. Argument.

"Pursuant to 28 U.S.C. § 1447(c), the Court must grant a motion to remand if it determines that it lacks subject matter jurisdiction over the suit or if removal was procedurally defective." Wilbert v. Unum Life Insurance Co., 981 F. Supp. 61, 62 (D.R.I. 1997). Furthermore, "[a] court should resolve any doubt in favor of remand, as the removal statute is to be narrowly interpreted." Id. (citing Lifetime Medical Nursing Services, Inc. v. New England Health Care Employees Welfare Fund, 730 F. Supp. 1192, 1193-1194 (D.R.I. 1990)); Betancourt v. Bear Stearns & Co., Inc., 392 F. Supp.2d 187, 289 (D.P.R. 2005) ("When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.").

Removal is proper only if the federal court has original jurisdiction over the matter, which can be established if the parties are diverse in citizenship and the amount in controversy exceeds $75,000. Preferred Fixture Mfg., Co. v. Sealed Air Corp., 2003 U.S. Dist. Lexis 18892 (D. Conn. 2003). Significantly, these jurisdictional prerequisites must have been met at the time the complaint was filed and at the time of removal to federal court. See Betancourt, 392 F. Supp.2d at 189 (citing Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001)); Preferred Fixture Mfg., at *3 (citing Chase Manhattan Bank, N.A. v. American Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070-71 (2d Cir. 1996)).

*1. There is No Diversity - Cherry Hill Nursing and Mitson are Rhode Island Defendants*

"In general, a federal court has diversity jurisdiction only when complete diversity exists between the parties, that is, when no plaintiff is a citizen of the same state as any defendant." Lawrence Builders, Inc. v. Kolodner, 2006 U.S. Dist. Lexis 7727 (D.R.I. 2006) (citing Diaz-

Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005). It is undisputed that Cherry Hill Nursing and Mitson are Rhode Island defendants. See Exhibit B, *Secretary of State Record.* Despite this, Life Care argues that Cherry Hill and Mitson are former owners and should not have been sued. However, "that the plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the plaintiff's claim and otherwise fails to inform whether diversity jurisdiction exists between the named parties to the action." Destefano v. Home Shopping Network, Inc., 2006 WL 539542, at *2 (M.D. Fla. 2006) (citing Lincoln Property Co. v. Roche, 126 S.Ct. 606, 613-14, 163 L.Ed.2d 415 (2005)). If Mitson and Cherry Hill Nursing believe that they were improperly sued, then it is up to them to file the appropriate responsive pleading. However, that filing has no impact on the citizenship of the parties.

In all events, there is a significant amount of evidence to establish that Cherry Hill Nursing and Mitson were properly sued and to dispute Life Care's argument that these defendants are an "unrelated entity." First, according to one of her last pay stubs, Plaintiff was paid by Cherry Hill Nursing. See Exhibit C, *Pay Stub*. Although Life Care alleges that Cherry Hill Nursing has been dissolved, that is not reflected by the pay stub or by the Secretary of State's records. Thus, Mitson and Cherry Hill,l as the employer, are potentially responsible for ensuring a discrimination-free workplace and for paying money damages obtained in this action.

For these same reasons, Life Care's allegations of fraudulent joinder are not accurate. This scenario is vastly different than the one that existed in Lawrence Builders, Inc. v. Kolodner, 2006 U.S. Dist. 7727 (D.R.I. 2006). As set forth in Lawrence, to establish fraudulent joinder there must be (1) outright fraud in Plaintiff's recitation of jurisdictional facts; or (2) there is no possibility that Plaintiff would be able to establish a cause of action against the non-diverse Defendants in state court. There is no evidence or allegation of any outright fraud. Here,

Plaintiff has an allegation that the non-diverse defendants are her former employer and the general partner of that entity, Cherry Hill Nursing. In her complaint, she alleges that all defendants have violated the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq.

Even more significant, however, is the fact that even Life Care has doubts about Cherry Hill Nursing's status,[1] and nothing established by Life Care shows that Cherry Hill Nursing cannot, under any circumstances, be liable. As mentioned above, no responsive pleading was filed by Mitson or Cherry Hill Nursing. Although Life Care asserts that "upon information and belief, Plaintiff has not served the Former Owners with the First Amended Complaint," this is not true. See Exhibit D, *Summons*. Mitson and Cherry Hill Nursing were served on February 16, 2006. As of this date, no responsive pleading has been filed on their behalf.

Even if Cherry Hill Nursing were only a "former" owner, Life Care has not stated that it has assumed Cherry Hill Nursing's liabilities. In fact, in its Answer Defendants leave open the possibility that Cherry Hill Nursing and Mitson do in fact still have an interest. In response to Plaintiff's allegation that Mitson is a general partner in Cherry Hill Nursing, Defendants have

---

[1]Plaintiff's counsel spoke with Defendant's counsel about this issue on several occasions. Plaintiff's counsel asked Defendant's counsel for any information Defendants have, or an affidavit from Mitson or someone on behalf of Cherry Hill Nursing, because although Defendant's counsel made representations that Cherry Hill Nursing and Mitson were improperly sued, they were served and had not responded. Plaintiff would consider any information presented by Life Care from anyone representing Mitson or Cherry Hill Nursing. Attorney Campbell said that he had called Mitson and spoke with him and that Mitson referred Cambpell to his lawyer Frank Caprio. Campbell tried to reach Caprio, but did not actually speak with him. Plaintiff's counsel also attempted to speak with Caprio. See Exhibit E, *Caprio Letter*. Plaintiff's counsel spoke with an Anthony Caprio who requested that the complaints be faxed and that he would speak with "Frank." As of this date, Plaintiff's counsel has not had any response to phone call or letter. When Plaintiff's counsel told Campbell about the phone call with Anthony Caprio and the fact that he did not deny the existence of Cherry Hill Nursing or that he was represented by Caprio, Campbell said "maybe I'm wrong."

only stated that they are without sufficient information to either admit or deny, leaving open that Mitson is still a general partner of Cherry Hill Nursing, and that Cherry Hill as an "unrelated entity" has some separate responsibility. See Exhibit F, *Life Care Answer.*

*2. Defendants Cherry Hill Nursing and Mitson Have Not Consented to Removal.*

Even if Cherry Hill Nursing and Mitson were non-Rhode Island defendants, they did not join in the removal petition. Instead, the notice of removal was filed by Life Care, d/b/a Cherry Hill Manor, Haase and Charron and does not account for Defendants Cherry Hill Nursing and Mitson. "In a multi-defendant case, all defendants must 'join' in the removal petition." Sansone v. Morton Machine Works, Inc., 188 F. Supp.2d 182, 184 (D.R.I. 2002) (citations omitted). The purposes of this "rule of unanimity" are several. Id. Among these purposes are "prevent[ing] defendants from gaining an unfair tactical advantage by splitting the litigation and requiring the plaintiff to pursue the case in two fora simultaneously, thereby creating needles duplication of effort and additional expense[,]" "eliminat[ing] the risk of inconsistent state and federal adjudications," and "prevent[ing] one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff." Id. (citing Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988) and Spillers v. Tillman, 959 F. Supp. 364, 369 (S.D. Miss. 1997)).

Consent to removal "must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days." Id. (citing Henderson v. Holmes, 920 F. Supp.1184, 1187 (D.Kan. 1996)). "Failure to do so constitutes a 'defect in the removal procedure' and is grounds for remand. Id. (citing F.D.I.C. v. Loyd, 955 F.2d 316, 320 (5th Cir. 1992)). Here, there is no consent in writing because the notice of removal has not been filed by Defendants Cherry Hill Nursing and Mitson. In addition, Cherry Hill Nursing and Mitson have not communicated their

consent to the Court independently. See Sansone, 188 F. Supp.2d at 185. Life Care has not even alleged that consent was communicated amongst the Defendants, even though this would still be insufficient. See id.

To the contrary, Cherry Hill Nursing and Mitson, although silent, remain defendants in this action. Cherry Hill Nursing is still an active corporation according to the Rhode Island Secretary of State's office. Thus, without Cherry Hill Nursing and Mitson's consent, removal is totally improper.

*3. The Defendant Has Not Mets its Burden to Establish the Amount-in Controversy.*

The burden of proving removal is appropriate rests with the removing party. See Betancourt, 392 F. Supp.2d at 189 (citing Danca v. Private Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999)). The "amount in controversy is determined by looking to the circumstances at the time the complaint is filed." Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995) (citing Thesleff v. Harvard Trust Co., 154 F.2d 732, 732 n.1 (1st Cir. 1946) (noting that "federal jurisdiction depends upon the facts at the time the suit is commenced, and subsequent changes . . . in the amount in controversy [will not change it]").

No specific amount of damages is pled in Plaintiff's complaint. Yet, Defendants have asserted that "Plaintiff has alleged causes of action, the potential recovery for which exceeds the $75,000 prerequisite, exclusive of interest and costs." This bald allegation cannot support the jurisdictional prerequisite. See, e.g., Beichler v. Citigroup, Inc., 241 F. Supp.2d 696 (S.D. Miss. 2003) ("The corporate Defendants did nothing more than conclude that the amount-in-controversy requirement is met because the total punitive damages claim must be applied to each Plaintiff's claim * * * [s]uch a conclusory allegation is insufficient to carry the burden of proof of the corporate Defendants."). Defendants have provided no specific factual information to

support its claim that Plaintiff's claims exceed $75,000. See Artiga v. Federal Express Corp., 2004 U.S. Dist. Lexis 19997, at *8-10 (N.D. Cal. 2004) (granting remand where Defendant did not meet burden); Distler v. Nationwide Ins. Co., 1994 U.S. Dist. Lexis 5613, at *10 (E.D. Pa. 1994) (same).

To the contrary, Ms. Antonucci has presented sufficient facts that her economic damages are only approximately $27,000. See Exhibit G, *Antonucci Affidavit*. Defendants have presented no evidence to sustain its burden to show that, even considering compensatory damages, punitive damages and attorneys fees, the amount-in-controversy exceeds $75,000.

Finally, claims against different Defendants cannot be aggregated to meet the amount-in-controversy requirement. See, e.g., Sovereign Camp, W.O.W. v. O'Neill, 266 U.S. 292, 295, 69 L.Ed. 293, 45 S.Ct. 49 (1924). Thus, each Defendant must establish that the amount-in-controversy exceeds $75,000 as to that Defendant. Thus, Life Care must show not only that the amount-in-controversy exceeds $75,000 for claims against Life Care, Charron and Haase,[2] but also must establish this threshold for Defendants Mitson and Cherry Hill Nursing Home. Again, no such effort has been made by Life Care.

## III. Conclusion.

Here, it is apparent that Defendants improperly removed this action. Accordingly, Plaintiff seeks an order remanding this case to the Rhode Island Superior Court for Providence County under 28 U.S.C. § 1447(c) as well as reasonable attorneys fees and costs incurred as a result of the removal since there was no objectively reasonable basis for removal. See Martin v. Franklin Capital Corp., 126 S.Ct. 704, 708, 163 L.Ed. 547 (2005); Hammer v. Scott, 137 Fed.

---

[2]Plaintiff assumes for this argument that Life Care, Charron and Haase are a single defendant for purposes of the amount-in-controversy.

Appx. 472, 475 (3d Cir. 2005) (awarding fees and costs where all defendants' consent was not obtained, yet single defendant continued to oppose motion to remand).

Plaintiff,
By her attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within document has been faxed and sent by first-class mail on the 5th day of April 2006, to Anthony DiOrio, Esq., Jackson Lewis, LLP, 127 Dorrance St., 4th Fl., Providence, RI 02903 and Christopher J. Campbell, Esq., Jackson Lewis, LLP, 75 Park Place, Boston, MA 02116.