# Exhibit E

*Law Office of*

# Patricia E. Andrews

170 Westminster Street • Suite 601 • Providence, Rhode Island 02903
Tel. 401-421-0966 • Fax 401-351-4802
E-mail Addresses: PEAndrews@verizon.net & Clafratelaw@cox.net

*Admitted in RI and D.C.*

*Of Counsel*
Carly B. Iafrate
*Admitted in RI*

April 4, 2005

The Honorable Frank Caprio
Caprio & Caprio
1 Center Place
Providence, RI 02903

Re: *Antonucci v. Cherry Hill, C.A. No. 06-108 ML*

Dear Judge Caprio:

I am writing to you about a client that you (or someone in your office) may represent who is currently a named Defendant in the above-captioned case. We represent the Plaintiff in this age-discrimination case against Cherry Hill Manor in Johnston. We have also named Cherry Hill's general partner, Edward Mitson, Jr. We served the complaint (which was originally filed in Superior Court) upon Mr. Mitson on February 16. To date, no Answer or other responsive pleading has been made on his behalf. Another Defendant, Life Care Centers, Inc., has answered and represented that Cherry Hill is a d/b/a and not a separate legal entity. In addition, Life Care asserts that Cherry Hill was "bought" by Life Care in 1996. On that basis, it has stated the parties are diverse and removed the case to Federal Court. However, Life Care did not answer for Cherry Hill and Mitson. In subsequent discussions, the attorney has stated that we should follow up with you because he might "be wrong" about his client's representations. The attorney for Life Care represented that he spoke with Mr. Mitson who told him to call his lawyer "Frank Caprio."

Because Mitson and Cherry Hill are Rhode Island defendants (and the corporation is still active according to the secretary of state) we called your office to determine if, in fact, Mitson intended on filing a motion to dismiss or an answer. Attorney Andrews spoke with

an Anthony Caprio on March 28. He asked us to fax the complaint (and the complaint in a related case filed by Irene Ferruccio, another former Cherry Hill employee claiming age discrimination) and that he would speak with "Frank" that evening. We have not heard from anyone from your office. Could you let me know whether you represent Mr. Mitson and Cherry Hill and, if possible, provide us with any other information which will confirm or deny Life Care's representations? As one might expect, among other things, we are reluctant to dismiss a party who ultimately, might be liable to pay a judgment. Accordingly, we intend to file a motion to remand the case to Superior Court.

Thank you in advance for your prompt attention to this matter.

Very truly yours,

Carly Beauvais Iafrate

c: Christopher J. Campbell, Esq.