**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BARBARA ANTONUCCI,** <br> **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 06-108 ML** |
| **CHERRY HILL MANOR, ET AL.,** <br> **Defendants.** | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Now comes Plaintiff, Barbara Antonucci, and submits the following response to Defendant's Objection to Plaintiff's Motion to Remand.

*A. Amount-in-Controversy*

At the outset, Plaintiff iterates that the burden of establishing the amount-in-controversy sits with the Defendant. Accordingly, Defendant must present specific factual information in support of its claim that the amount-in-controversy exceeds $75,000. Despite the fact that it is not her burden, Plaintiff offered her own specific factual evidence showing the amount-in-controversy does not exceed $75,000. Since her lost wages are only approximately $27,000, it is highly unlikely that even if a jury awarded compensatory and punitive damages, and even considering attorneys fees, the amount would exceed $75,000 - - approximately three times the amount of the lost wages. The fact that Plaintiff has not signed a stipulation prepared by Defendant is not relevant in determining whether the jurisdictional prerequisite has actually been met. There are

multiple reasons why a stipulation does not make sense here. Most importantly, the scope of Defendant's proposed affidavit/stipulation would have been far too broad. For example, in a similar case filed by one of Plaintiff's co-workers, Defendant's proposed stipulation and affidavit required the Plaintiff not only to aver that the total recovery sought was less than $75,000, but also that she would not accept any amount in excess of $75,000 if awarded by a jury. Furthermore, Life Care required that Plaintiff to aver that she would not amend her complaint in the future. By comparison, had Defendant asked Plaintiff to sign a stipulation that the recovery sought, at this time, did not exceed $75,000 (or even come close to it), Plaintiff would have happily done so.[1]

Life Care has presented a single case to demonstrate that Plaintiff's claims could possibly exceed $75,000. However, the case presented is totally inapposite. First, Shoucair is not an age-discrimination case. Instead, it was a race-based hostile work environment claim which involved severe and pervasive offensive comments, as well as a tenure denial and retaliation. The employee in that case had an extremely difficult job securing comparable employment after leaving Brown University. The large compensatory and punitive damage awards corresponded to the lost wages which were about $400,000, and addressed the highly offensive nature of the harassment. In a case in which lost wages are $27,000, and the period of unemployment is only about one-year,

[1]In addition, when Plaintiff's counsel asked defense counsel to stipulate that the claim was not worth less than $75,000 (to challenge defendant's claim the amount-in-controversy had been met) he refused.

one cannot expect a similar award. Cf., e.g., Adams v. Uno Restaurants, Inc., 794 A.2d 489 (R.I. 2002) (affirming $7,500 award in wrongful termination case); Brown University v. Rhode Island Commission for Human Rights, 2001 R.I. Super. Lexis 21 (affirming $15,000 award in sex discrimination case)

*B. Diversity*

Life Care also asserts the check stub presented by Plaintiff and issued by Cherry Hill Manor Nursing Home is simply the business name under which Life Care operates. However, Life Care has asserted the d/b/a is Cherry Hill Manor - - not Cherry Hill Nursing (which instead, is the name of the supposed "unrelated entity"). Life Care has also presented the purchase and sale agreement between Cherry Hill Nursing and Cherry Hill Medical Investors, not Life Care. Life Care admits that Cherry Hill Investors is not actually Life Care, but another "entity." When Life Care presented this agreement to Plaintiff's counsel, Plaintiff's counsel still had reservations for the reasons stated in the initial memorandum. For example, what if Life Care went out of business and the Seller was still a viable source of liability? That is why Plaintiff's counsel asked defense counsel for anything from Mitson and Cherry Hill itself affirming Life Care's assertions. This has never been done. Because the Rhode Island parties are still viable, there is no diversity and this matter must be remanded.

Plaintiff,
By her attorneys,

Patricia E. Andrews, #4321

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within document has sent by first-class mail on the 26th day of April 2006, to Anthony DiOrio, Esq., Jackson Lewis, LLP, 127 Dorrance St., 4th Fl., Providence, RI 02903 and Christopher J. Campbell, Esq., Jackson Lewis, LLP, 75 Park Place, Boston, MA 02116.