# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IRENE FERRUCCIO :
:
v. : C.A. No. 06-154S
:
CHERRY HILL MANOR, et al. :

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion to Remand this action to the Rhode Island Superior Court for Providence County pursuant to 28 U.S.C. § 1447(c). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). See also Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F. Supp. 740 (D.R.I. 1996) (holding that a motion to remand is a non-dispositive matter within the meaning of 28 U.S.C. § 636(b)(1)(A)). A hearing was held on June 21, 2006. For the reasons stated below, Plaintiff's Motion to Remand (Document No. 6) is GRANTED.

**Background**

This is an age discrimination action brought by a registered nurse who was terminated from a unit manager position with the Cherry Hill Manor nursing home located in Johnston, Rhode Island. Plaintiff filed suit in Superior Court on March 1, 2006 against Cherry Hill Manor ("CHM"), Cherry Hill Nursing [Home], Ltd. ("CHN"), Life Care Centers of America, Inc. ("Life Care"), Edward J. Mitson, Jr. in his official capacity as CHN's General Partner ("Mitson"), and Pamela Charron ("Charron") and Steve Haase ("Haase"), in their personal and official capacities as CHM's Director of Nurses and Executive Director, respectively. On March 21, 2006, Plaintiff filed proof of service in Superior Court as to all Defendants. On April 4, 2006, Defendants Life Care d/b/a CHM, Charron

and Haase removed the action to this Court, and they answered on April 6, 2006.[1] Defendants CHN and Mitson have not answered or otherwise appeared in this action, and did not join in the removal petition. On May 1, 2006, Plaintiff moved to remand due to the lack of complete diversity, the failure of all Defendants to join in the removal and Life Care's failure to establish that this action meets the $75,000.00 jurisdictional amount.

**Discussion**

Under 28 U.S.C. § 1332, federal diversity jurisdiction requires "complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (citations omitted, emphasis in original). In addition, the removing defendant(s) have the burden of showing that all "properly joined and served [defendants] have consented to the removal." Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc., 706 F. Supp. 111, 113 (D.P.R. 1988). See also Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal.").

There is no dispute that Defendants CHN and Mitson, CHN's General Partner, are citizens of Rhode Island for diversity purposes. There is also no dispute that Defendants CHN and Mitson have not joined in the removal efforts of Life Care. Thus, Life Care's removal suffers two fatal flaws – lack of complete diversity and lack of unanimity. Life Care contends that removal is proper because CHN and Mitson are not "proper defendants" in this employment discrimination case, Answer p. 1, n.1, and that they were "fraudulently joined" to defeat diversity.

---

[1] For simplicity, Life Care d/b/a CHM, Charron and Haase will be collectively referred to as Life Care. For purposes of 28 U.S.C. § 1332 (diversity jurisdiction), none of them are Rhode Island citizens.

Life Care's attempt to rely on District Judge Mary M. Lisi's recent decision in Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134 (D.R.I. 2006), is misplaced. In Lawrence Builders, Judge Lisi found fraudulent joinder because (1) the complaint included no claims against the resident defendant; and (2) there was direct evidence that the resident defendant was told by plaintiff's attorney that he was named as a defendant solely to keep the case out of federal court. There is no such evidence in this case.

In this case, Plaintiff brings suit related to her former employment at CHM. Plaintiff's Complaint alleges that CHM is owned by CHN, a Rhode Island limited partnership and that Mitson is the General Partner. Compl., ¶¶ 4-5. She also alleges that Life Care "operates and/or manages" CHM and that Charron and Haase were employed as CHM Managers. Id., ¶¶ 6-8. Life Care counters that CHN and Mitson sold CHM to one of its affiliates a decade ago and that Life Care operates CHM on behalf of an affiliate.

In support of its position, Life Care submits a 1996 Purchase and Sale Agreement between CHN and Cherry Hill Medical Investors Limited Partnership ("CHMI") regarding the CHM nursing home, and the Declarations of Cindy Cross, Life Care's Senior Director of Legal Services. Cross testifies that Life Care owns and operates CHM, and that any interest of CHN and Mitson in CHM ended with the 1996 sale. Decl. of Cross, ¶ 3. Cross also inaccurately testifies that CHN was dissolved following the sale, and that CHN and Mitson have not been served in this case. Id., ¶¶ 4-5. Cross further testifies that Life Care sold CHM to Johnston Medical, Inc. ("JMI") in 2000 and then leased it back. Supplemental Decl. of Cross, ¶ 3. Cross asserts that Life Care is the "sole license holder and operator for CHM" but fails to definitively establish that CHN and Mitson are totally out of the picture as to CHM. For instance, Cross' Declaration is silent as to the ownership of CHMI,

its General Partner, Developers Investment Co., Inc., or JMI. Construing the limited evidentiary record in a light most favorable to Plaintiff and drawing all reasonable inferences in her favor, this Court cannot presently conclude as a matter of law that CHN and Mitson are not "proper defendants" as claimed by Life Care.

Plaintiff argues that she should not be forced to accept Life Care's "word" that CHN and Mitson are not potentially responsible parties, and she contends that it is not appropriate to litigate a substantive defense to liability in the context of a removal dispute without the benefit of discovery. This Court agrees based on the circumstances presented in this case.

Plaintiff has named both CHN and Mitson as party Defendants. In addition, contrary to the assertion in the Cross Declaration, CHN is not a "dissolved" entity, and both CHN and Mitson have been served with Plaintiff's Complaint. The Rhode Island Secretary of State's corporate database lists Cherry Hill Nursing Home, Ltd. as an active domestic (Rhode Island) limited partnership and identifies Mitson as its General Partner. Life Care Centers of America, Inc. is identified in this database as an active foreign (Tennessee) business corporation whose purpose is to "own, operate and/or manage healthcare facilities."

Here, the burden is on Life Care to prove fraudulent joinder, and it has failed to meet that burden. Lawrence Builders, 414 F. Supp. 2d at 137. See also In re Maine Asbestos Cases, 44 F. Supp. 2d 368, 372 (D. Me. 1999) (party claiming fraudulent jointer must "prove to a legal certainty that, at the time of filing the complaint, no one familiar with the applicable law could reasonably have thought, based on the facts that the pleader knew or should have known at the time, that a cause of action against the resident defendant could ultimately be proven."). At this stage, Life Care has simply not proven to a legal certainty that no cause of action lies against CHN and Mitson. CHN

and Mitson, although served, have not appeared to contest their liability in this case. See New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc., 542 F. Supp. 1343, 1347 and n.7 (D. Me. 1982) (exercise of diversity jurisdiction over case involving two defaulted resident defendants is improper).

While Life Care may ultimately be correct in asserting that CHN and Mitson are former owners with no potential liability, the current record before this Court is not sufficiently developed to allow such a finding to a legal certainty. In fact, the failure of CHN and Mitson to answer Plaintiff's Complaint exposes them to potential default under Rule 55(a) which would require that the factual allegations of Plaintiff's Complaint be accepted as true as to them. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002).

The appropriate mechanism to resolve this issue is to litigate the liability of CHN and Mitson in Superior Court. See Destefano v. Home Shopping Network, Inc., No. 805 CV 1299 T23 MSS, 2006 WL 539542, *2 (M.D. Fla. 2006) ("[T]hat the plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the plaintiff's claim and otherwise fails to inform whether diversity jurisdiction exists between the named parties to the action."). The removal statute contemplates this procedure. Under 28 U.S.C. § 1446(b), a case is removable within thirty days after receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" subject to a maximum one-year period for removal after commencement of an action. In other words, if CHN and Mitson are dismissed by order of the Superior Court, the case would thereafter be removeable subject to the thirty-day and one-year limitation periods. If CHN and Mitson never appear and are the subject of a default

judgment, this case may never be removeable. See New England Explosives, 542 F. Supp. at 1347 n.7.

Although Plaintiff has requested costs under 28 U.S.C. § 1447(c), this Court concludes that an award of costs is not appropriate in this case. Given Life Care's knowledge as to the ownership history of CHM, it was not unreasonable for them to argue that CHN and Mitson were joined solely to prevent removal. Life Care's counsel also promptly took steps to "educate" Plaintiff's counsel as to his client's claim of CHN and Mitson's lack of involvement in this case. Thus, Life Care's allegation of fraudulent joinder is not sanctionable. Plaintiff has won this battle, but she still may ultimately lose the war as to Defendants CHN and Mitson. Plaintiff's counsel cannot be faulted for hesitating to release CHN and Mitson from this case without the benefit of discovery and based on Life Care's "word." However, they are reminded that they could also be the target of a request for sanctions if they continue to pursue litigation against CHN and/or Mitson if they know or should know, after reasonable inquiry, that there is no basis in law and/or fact for such a claim. See Fed. R. Civ. P. 11; R.I. Super. Ct. R. Civ. P. 11. In other words, if discovery proves Life Care correct, Plaintiff's counsel would be well advised to voluntarily dismiss CHN and Mitson and consent to removal.[2]

---

[2] Plaintiff also argues that remand is appropriate because this case fails to meet the $75,000.00 jurisdictional amount. Plaintiff claims over $30,000.00 in lost wages as well as compensatory and punitive damages, attorneys' fees and costs, which could easily exceed $75,000.00 in total if Plaintiff prevails after trial. In addition, Plaintiff refused to stipulate that she would cap her damages at $75,000.00 including fees and costs. See Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 4 (D. Me. 2004). Thus, the jurisdictional amount is not an obstacle to removal.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand this action to the Rhode Island Superior Court for Providence County (Document No. 6) is GRANTED; and Plaintiff's related request for an award of attorneys' fees and costs is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
July 5, 2006