UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA ANTONUCCI, Plaintiff<br><br>v.<br><br>CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity, Defendants. | ) | C.A. No. 06-108-ML |

**DEFENDANTS' MOTION TO BRIEFLY STAY ANY RULING ON PLAINTIFF'S MOTION TO REMAND UNTIL AFTER THE DEPOSITIONS CURRENTLY SCHEDULED FOR JULY 28, 2006**

Now comes Defendants, Life Care Centers of America, Inc. d/b/a Cherry Hill Manor ("Life Care"), Steven Haase, and Pamela Charron (collectively "Defendants"), and request that this Honorable Court briefly stay any ruling on Plaintiff's motion to remand until after the completion of two depositions, which are scheduled for July 28, 2006. In support of their motion, Defendants submit an accompanying memorandum.

Respectfully submitted,

LIFE CARE CENTERS, INC., d./b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-8855 fax

Dated: July 20, 2006

**CERTIFICATE OF SERVICE**

This is to certify that on July 20, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, Patricia E. Andrews, 129 Dyer Street, Providence, Rhode Island 02903 by first class mail.

Jackson Lewis LLP

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA ANTONUCCI,<br>Plaintiff<br><br>v.<br><br>CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,<br>Defendants. | ) | C.A. No. 06-108-ML |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO BRIEFLY STAY ANY RULING ON PLAINTIFF'S MOTION TO REMAND UNTIL AFTER DEPOSITIONS SCHEDULED FOR JULY 28, 2006**

Defendants, Life Care Centers of America, Inc. d/b/a Cherry Hill Manor ("Life Care"), Steven Haase, and Pamela Charron (collectively "Defendants"), have moved that this Honorable Court allow the parties to briefly stay any ruling on Plaintiff's motion to remand until after the completion of two depositions, which are scheduled for July 28, 2006. As set forth below, these depositions will enable the parties to conclusively determine the issue of the ownership of Cherry Hill Manor and demonstrate that diversity jurisdiction exists. In support of their motion, Defendants state as follows.

1. On or about February 9, 2006, Defendant, Life Care Centers of America, Inc. ("Life Care"), was served with Plaintiff's First Amended Complaint, Summons and Service of Process form, in an action commenced in Providence Superior Court in the State of Rhode Island entitled Barbara Antonucci v. Cherry Hill Manor, Cherry Hill Nursing, Ltd., Life Care Centers of America, Inc., Edward J. Mitson, Jr., in his official capacity, Pamela Charron, in her personal

and official capacity, and Steve Haase, in his personal and official capacity, Civil Action No. 05-5398.

2. The subject of this lawsuit is the employment of Plaintiff at Cherry Hill Manor ("CHM"), a nursing home located in Johnston, Rhode Island. CHM is operated by Life Care, a corporation incorporated in Tennessee, with a principal place of business in Cleveland, Tennessee.[1] "Cherry Hill Manor" is the d/b/a name by which Life Care operates CHM, and it is not a separate entity.

3. In her First Amended Complaint, Plaintiff alleges that she was illegally disciplined by and terminated from her employment at Life Care, and that two of the individual Defendants, Pamela Charron and Steven Haase, aided and abetted the alleged unlawful acts.

4. Plaintiff has also named two additional entities: Cherry Hill Nursing Home, Ltd.[2] and a principal owner of Cherry Hill Nursing Home, Ltd., Edward J. Mitson, Jr. (collectively referred to hereinafter as the "Former Owners"). The Former Owners sold their entire interest in CHM to Life Care in or about 1996. Any interest of the Former Owners in CHM ended in 1996 with the sale of CHM to Life Care and the Former Owners have not maintained any ongoing relationship with Life Care or CHM.

5. On or about March 8, Defendants removed this case from Providence Superior Court on the basis of diversity jurisdiction. (Docket No. 1)

6. On or about April 5, 2006, Plaintiff filed a motion to remand this case (Docket No. 4), and on April 19, 2006, Defendants filed a timely objection to Plaintiff's motion to remand. (Docket No. 5). Plaintiff's motion to remand is currently pending.

---

[1] The facts set forth in this memorandum are supported through the Affidavit of Cindy Cross, submitted in connection with Defendants' Notice of Removal (Exhibit 2 to Docket No 1).

[2] Plaintiff incorrectly named Cherry Hill Nursing Home, Ltd. in her First Amended Complaint as "Cherry Hill Nursing, Ltd."

7. On or about March 6, 2006, Plaintiff's counsel filed a similar suit on behalf of a second former employee of Life Care, Irene Ferruccio, in an action commenced in Providence Superior Court in the State of Rhode Island entitled Irene Ferruccio v. Cherry Hill Manor, Cherry Hill Nursing, Ltd., Life Care Centers of America, Inc., Edward J. Mitson, Jr., in his official capacity, Pamela Charron, in her personal and official capacity, and Steve Haase, in his personal and official capacity, Civil Action No. 06-1227. As they did in the instant case, Defendants removed the claim by Ms. Ferruccio on the basis of diversity jurisdiction. See Irene Ferruccio v. Cherry Hill Manor et al, Civil Action No. 06-cv-00154. Thereafter, this Court recused itself from the Ferruccio matter.

8. As the Plaintiff did in the instant case, Plaintiff moved for remand and Defendant objected. Following a hearing before Magistrate Almond on June 21, 2006, the Ferruccio matter was remanded to state court. In particular, Magistrate Almond held that the limited factual record before the Court did not allow the Court to conclude as a legal certainty that Plaintiff was unable to establish a cause of action against the Former Owners. Remand Order, p. 5.[3] The Magistrate also instructed Plaintiff that, if discovery demonstrates that Life Care is correct as to the status of Former Owners – i.e. that they sold their entire interest in CHM in 1996, and that they have not maintained any ongoing relationship with Plaintiff's employer, Life Care since the sale in 1996 – Plaintiff should voluntarily dismiss the Former Owners and agree to removal. See Remand Order, p. 6.

9. On July 16, 2006, in an effort to clear up any remaining factual issues as to the status of the Former Owners, Defendants noticed the depositions of the Former Owners for July

[3] Reference is made to the Order of Magistrate Almond, issued on July 5, 2006, remanding the Ferruccio matter to state court. A copy of the Remand Order was submitted to the Court by Plaintiff on July 17, 2006.

28, 2006.[4] Copies of the deposition notices and accompanying subpoenas are attached hereto as Exhibit A.

10. Because the depositions of the Former Owners will provide all parties with sufficient information as to the status of the Former Owners, Defendant anticipates that the parties should be able to resolve all outstanding questions as to whether this Court has diversity jurisdiction as set forth in Defendants' Notice of Removal (Docket No. 1).

11. Granting a brief stay of any ruling on Plaintiff's Motion to Remand while the depositions of the Former Owners proceed is in the interest of judicial economy. In particular, should the depositions enable the parties to resolve any alleged outstanding factual disputes as to the status of the Former Owners, the case will not need to be remanded, only to be subsequently removed by Defendants.

12. Defendants have conferred with Plaintiff in a good faith attempt to resolve the request set forth in the instant motion, but Plaintiff declined to assent to the motion.

WHEREFORE, Defendants respectfully request that this Court briefly stay any ruling on Plaintiff's Motion to Remand until after the depositions of the Former Owners.

Respectfully submitted,

LIFE CARE CENTERS, INC., d./b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-8855 fax

Dated: July 20, 2006

[4] Counsel for Plaintiff, Carly Beauvais Iafrate, has indicated a possible scheduling conflict for July 28, 2006, and has indicated that she is not able provide alternate dates until conferring with her co-counsel, Pat Andrews, on Monday, July 24, 2006. Defendants have committed to working with Plaintiff to find an appropriate date to proceed with the depositions.

**CERTIFICATE OF SERVICE**

This is to certify that on July 20, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, Patricia E. Andrews, 129 Dyer Street, Providence, Rhode Island 02903 by first class mail.

Jackson Lewis LLP