UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA ANTONUCCI,<br>Plaintiff<br><br>v.<br><br>CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,<br>Defendants. | C.A. No. 06-108-ML |

**<u>DEFENDANTS' MOTION TO SUBMIT ADDITIONAL DECLARATION IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO REMAND</u>**

Defendants, Life Care Centers of America, Inc. d/b/a Cherry Hill Manor ("Life Care"), Steven Haase, and Pamela Charron (collectively "Defendants"), hereby move this Honorable Court allow Life Care to submit an additional declaration in support of its Objection to Plaintiff's Motion to Remand. As set forth below, this declaration combined with the Declaration of Cindy Cross (Docket No. 1, Exhibit B) conclusively establishes the issue of the ownership of Cherry Hill Manor and demonstrates that diversity jurisdiction exists. In support of their motion, Defendants state as follows.

1. On or about February 9, 2006, Defendant, Life Care Centers of America, Inc. ("Life Care"), was served with Plaintiff's First Amended Complaint, Summons and Service of Process form, in an action commenced in Providence Superior Court in the State of Rhode Island entitled <u>Barbara Antonucci v. Cherry Hill Manor, Cherry Hill Nursing, Ltd., Life Care Centers of America, Inc., Edward J. Mitson, Jr., in his official capacity, Pamela Charron, in her personal and official capacity, and Steve Haase, in his personal and official capacity</u>, Civil Action No. 05-5398.

2. The subject of this lawsuit is the employment of Plaintiff at Cherry Hill Manor ("CHM"), a nursing home located in Johnston, Rhode Island. CHM is operated by Life Care, a corporation incorporated in Tennessee, with a principal place of business in Cleveland, Tennessee.[1] "Cherry Hill Manor" is the d/b/a name by which Life Care operates CHM, and it is not a separate entity.

3. In her First Amended Complaint, Plaintiff alleges that she was illegally disciplined by and terminated from her employment at Life Care, and that two of the individual Defendants, Pamela Charron and Steven Haase, aided and abetted the alleged unlawful acts.

4. Plaintiff has also named two additional entities: Cherry Hill Nursing Home, Ltd.[2] and a principal owner of Cherry Hill Nursing Home, Ltd., Edward J. Mitson, Jr. (collectively referred to hereinafter as the "Former Owners"). The Former Owners sold their entire interest in CHM to Life Care in or about 1996. Any interest of the Former Owners in CHM ended in 1996 with the sale of CHM to Life Care and the Former Owners have not maintained any ongoing relationship with Life Care or CHM.

5. On or about March 8, Defendants removed this case from Providence Superior Court on the basis of diversity jurisdiction. (Docket No. 1)

6. On or about April 5, 2006, Plaintiff filed a motion to remand this case (Docket No. 4), and on April 19, 2006, Defendants filed a timely objection to Plaintiff's motion to remand. (Docket No. 5). Plaintiff's motion to remand is currently pending.

7. On or about March 6, 2006, Plaintiff's counsel filed a similar suit on behalf of a second former employee of Life Care, Irene Ferruccio, in an action commenced in Providence Superior Court in the State of Rhode Island entitled Irene Ferruccio v. Cherry Hill Manor,

---

[1] The facts set forth in this memorandum are supported through the Affidavit of Cindy Cross, submitted in connection with Defendants' Notice of Removal (Exhibit B to Docket No 1).

[2] Plaintiff incorrectly named Cherry Hill Nursing Home, Ltd. in her First Amended Complaint as "Cherry Hill Nursing, Ltd."

Cherry Hill Nursing, Ltd., Life Care Centers of America, Inc., Edward J. Mitson, Jr., in his official capacity, Pamela Charron, in her personal and official capacity, and Steve Haase, in his personal and official capacity, Civil Action No. 06-1227. As they did in the instant case, Defendants removed the claim by Ms. Ferruccio on the basis of diversity jurisdiction. See Irene Ferruccio v. Cherry Hill Manor et al, Civil Action No. 06-cv-00154. Thereafter, this Court recused itself from the Ferruccio matter.

8. As the Plaintiff did in the instant case, Plaintiff moved for remand and Defendant objected. Following a hearing before Magistrate Almond on June 21, 2006, the Ferruccio matter was remanded to state court. In particular, Magistrate Almond held that the limited factual record before the Court did not allow the Court to conclude as a legal certainty that Plaintiff was unable to establish a cause of action against the Former Owners. Remand Order, p. 5.[3] The Magistrate also instructed Plaintiff that, if discovery demonstrates that Life Care is correct as to the status of Former Owners – i.e. that they sold their entire interest in CHM in 1996, and that they have not maintained any ongoing relationship with Plaintiff's employer, Life Care since the sale in 1996 – Plaintiff should voluntarily dismiss the Former Owners and agree to removal. See Remand Order, p. 6.

9. On July 16, 2006, in an effort to clear up any remaining factual issues as to the status of the Former Owners, Defendants noticed the depositions of the Former Owners for July 28, 2006. Thereafter, in lieu of incurring the cost of proceeding with a deposition, Edward Mitson, Jr. agreed to sign a declaration describing the sale of CHM by the Former Owners to Life Care in 1996. A copy of the Declaration of Edward Mitson, Jr. is attached hereto as Exhibit A.

[3] Reference is made to the Order of Magistrate Almond, issued on July 5, 2006, remanding the Ferruccio matter to state court. A copy of the Remand Order was submitted to the Court by Plaintiff on July 17, 2006.

10. Prior to canceling the deposition and prior having the Declaration of Edward Mitson, Jr. executed, counsel for Life Care contacted counsel for Plaintiff to determine whether there was any additional information Plaintiff sought to obtain from the Former Owners at deposition or whether Plaintiff sought to have the Former Owners address any such issues by way of written declaration, and Plaintiff has not identified any such inquiry or information. A copy of correspondence to Plaintiff's counsel is attached hereto as Exhibit B.

11. Because the declaration of Edward Mitson, Jr., together with the Declaration of Cindy Cross conclusively establish that the Former Owners do not have any ownership interest in CHM and have not maintained any ongoing relationship with Life Care, this Court has diversity jurisdiction as set forth in Defendants' Notice of Removal (Docket No. 1).

WHEREFORE, for the foregoing reasons and for the reasons set forth in Defendants Notice of Removal and in Defendants' Objection to Plaintiff's Motion to Remand, Defendant respectfully request that this Court deny Plaintiff's motion to remand.

Respectfully submitted,

LIFE CARE CENTERS, INC., d./b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-8855 fax

Dated: July 28, 2006

**CERTIFICATE OF SERVICE**

This is to certify that on July 28, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, Patricia E. Andrews, 129 Dyer Street, Providence, Rhode Island 02903 by first class mail.

Jackson Lewis LLP