**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BARBARA ANTONUCCI,**
**Plaintiff,**

**v.** **C.A. No. 06-108ML**

**CHERRY HILL MANOR, ET AL.,**
**Defendants.**

# PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT

## I. Brief Facts and Background.

After being employed for about eighteen years at nursing home Cherry Hill Manor, Plaintiff Barbara Antonucci ("Plaintiff"), was fired for alleged performance problems. The termination followed the hiring of a new supervisor for Plaintiff, who treated Plaintiff differently than her similarly-situated younger co-workers in terms of workload and the duties and responsibilities of her position. Because the "performance" issues were a pretext for age discrimination, Plaintiff filed charges of discrimination in January 2005. In October 2005, after receiving the right-to-sue from the Commission for Human Rights, Plaintiff filed in Rhode Island Superior Court. Defendants removed the case to this Court, and Plaintiff's motion to remand was ultimately denied.

## II. Law.

Plaintiff has state law disparate treatment claims under the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq., and the Rhode Island Civil Rights Act, G.L. 1956 § 42-112-1 et seq. In order to prevail on her disparate treatment claims, Plaintiff must demonstrate that (1) she was a member of the protected age group; (2) she was subjected to

adverse job action; and (3) the employer had a continuing need for the services for the position from which Plaintiff was discharged. Neri v. Ross-Simons, 897 A.2d 42, 49 (R.I. 2006). The Defendants must next offer a legitimate, non-discriminatory reason for the termination, and if provided, Plaintiff must demonstrate the reason advanced is a pretext for discrimination. Id. at 49-50.

**III. Issues.**

Since there is no dispute that Plaintiff is in the protected age group and was subjected to adverse job action, Plaintiff anticipates that the typical issues involved in age-discrimination cases will exist in this case, with the main dispute being over the veracity of the legitimate business reason advanced by Defendants. Plaintiff is unaware of any other unique legal issues.

Plaintiff,
By her attorneys,

_/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATION**

I hereby certify that on this 31st day of August 2006, I did send a true copy of the within document by electronic means (ECF) to the following: Christopher J. Campbell, Esq., Jackson Lewis, LLP, 75 Park Place, Boston, MA 02116.

/s/ Carly Beauvais Iafrate