**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BARBARA ANTONUCCI,** Plaintiff, | : | |
| **v.** | : | **C.A. No. 03-481 ML** |
| **CHERRY HILL MANOR, et al.,** Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MORE RESPONSIVE DOCUMENT PRODUCTION**

## I. INTRODUCTION.

In October 2004, after nearly eighteen years of employment, Plaintiff Barbara Antonucci ("Plaintiff"), was fired from her job as staffing coordinator at Cherry Hill Manor. At the time, a new, younger Director of Nurses, Pamela Charron ("Charron"), had recently become her immediate supervisor. Shortly after Charron arrived, Plaintiff found herself out of a job at the age of sixty-three years old. She was accused of poor job performance. She was then replaced by a younger person, whom she trained, and who continued to perform the job like she had. Among other things, even though Plaintiff's replacement performs the job in the same manner as Antonucci did, she has not been disciplined for any of the things Antonucci was disciplined for. In addition, the "new" job description Antonucci was required to follow was never given to her replacement. This lawsuit followed.

In October 2006, Plaintiff served her First Set of Interrogatories to Defendant. Defendant did not respond until about December 11, 2006. See Exhibit #1, *Defendant's Answers to Plaintiff's First Set of Interrogatories*. On or about January 5, 2007, Plaintiff began Rule 37 discussions with Defense counsel in an attempt to obtain supplemental answers. Although Defendant has agreed to provide a supplement, by letter dated January 25, 2007, to date, no supplemental answers have been received. In addition, there are several issues that the parties could not resolve.

**II. Discussion**

Plaintiff first requests that Defendant provide supplemental answers consistent with its January 25, 2007 letter.

In addition, Defendant has refused to supplement Interrogatories 21 and 22. Both seek the facts in support of (1) Defendant's Affirmative Defenses and (2) Defendant's denials in its Answer to Plaintiff's complaint. If those facts have already been set forth in response to other interrogatories, all Defendant need do is incorporate those answers. However, Defendant refuses to answer based upon privilege. Plaintiff does not seek mental impressions of counsel. Instead, if Defendant has denied a certain paragraph in Plaintiff's complaint - then Plaintiff is entitled to know what facts support that denial. The same applies to the affirmative defenses.

**III. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests the Court to compel Defendant to provide supplemental answers to Plaintiff's First Set of Interrogatories, as detailed in this memorandum.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate

______________________________

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 21st day of February 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate

______________________________