UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA ANTONUCCI,<br>Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC.,<br>PAMELA CHARRON, in her personal and official capacity, and<br>STEVE HAASE, in his personal and official capacity,<br>Defendants. | C.A. No. 06-108-ML |

**DEFENDANT LIFE CARE'S ANSWERS**
**<u>TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

Defendant, Life Care Centers of America, Inc., ("Defendant") hereby responds to Plaintiff's First Set Of Interrogatories as follows:

**<u>GENERAL OBJECTIONS AND DEFINITIONS</u>**

1. As used herein, "burdensome" means the interrogatory requires searching for information with little value or benefit to the parties, such that the value of producing the information is far outweighed by the burden of producing it. This is especially true where the Plaintiff can or already has obtained the information from other sources.

2. As used herein, "overbroad" means the interrogatory, at least in part, seeks information that is irrelevant in subject matter and/or time period reasonably inferred from the allegations in Plaintiff's Complaint, and is not likely to lead to the discovery of admissible evidence.

3. Life Care objects to the interrogatories insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges.

4. Life Care objects to the definitions included in the interrogatories to the extent they seek to impose a duty of response beyond that required by the Federal Rules of Civil Procedure. Life Care will respond consistent with the definitions and obligations contained in the Federal Rules.

**RESPONSES**

Subject to and incorporating by reference the foregoing general objections and definitions, Life Care responds to the individual interrogatories as follows:

**INTERROGATORY NO. 1**

Please identify all persons, by name, title, and current, or last known, business and home address, who have knowledge about the allegations which form the basis of plaintiff's Complaint or which relate to the information contained in your Answer to the instant Complaint including, but not limited to, those individuals who provided information which was used in the preparation of your Answer to the Complaint, any individuals involved in any investigations relating to plaintiff, each and every individual who has knowledge about what was done to respond to plaintiff's request for production of documents, any individual who has knowledge about what files and departments were searched in response to plaintiff's request for production of documents, any individuals who, directly or indirectly, provided information to the Rhode Island Commission for Human Rights, and any individuals who provided information to you which assisted in the preparation of these answers to these interrogatories; and, for each person identified, state what he or she knows.

**ANSWER NO. 1**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the attorney client privilege and/or was gathered in anticipation of litigation. Subject to and without waiving its objections, Defendant refers Plaintiff to its initial disclosures and supplemental initial disclosures for persons with knowledge of Plaintiff's employment with and separation from Life Care, as well as the documents being produced in response to Plaintiff's document requests, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 2**

For the last ten years, has any current or former employee (including plaintiff) or any applicant for employment ever alleged, insinuated, suggested, implied, stated, grieved or complained, whether or not in a lawsuit or charge of discrimination, that he or she was harassed, discriminated against, disciplined, penalized, treated unfairly, differently, or adversely based upon his or her age? If the answer is yes, please set forth each instance in which this has happened. Your answer should include, but not be limited to, the identity of all persons involved including any supervisors, managers and/or officers who have knowledge of each claim, allegation, insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the identity of the person or persons making or initiating any such claims, allegations, insinuations, suggestions, implications, statements, complaints, charges, and/or lawsuits, the date, substance, status, and/or disposition of each allegation, claim, insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the names of all complainants, respondents, plaintiffs and defendants, and where any such complaints were made, filed or are pending.

**ANSWER NO. 2**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, especially insofar as it seeks information beyond Plaintiff's former worksite, Cherry Hill Manor, and is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or was gathered in anticipation of litigation. Subject to and without waiving its objections, Defendant states that it received an anonymous complaint in 1999 regarding alleged age-based treatment by a housekeeping supervisor. This complaint was investigated and was unable to be substantiated. In addition, Defendant refers Plaintiff to the age discrimination claims made by Plaintiff and made by Irene Ferruccio.

**INTERROGATORY NO. 3**

Please set forth the date and substance of all oral and/or written communications which relate to plaintiff including, but not limited to, anything related to this lawsuit, defendants' answer to plaintiff's Complaint or their affirmative defenses, any complaints by plaintiff, any grievances by plaintiff, and/or any problems which plaintiff was having on the job. Your answer should include,

but not be limited to, any communications to, from or about plaintiff, any communications between or among defendants, any communications between defendants and any persons affiliated with, or working for, a union, any communications between defendants and any person from a state or federal agency, and any communications between defendant and any health care provider.

**ANSWER NO. 3**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or was gathered in anticipation of litigation. Subject to and without waiving its objections, Defendant states that Plaintiff was orally counseled at various times throughout her employment regarding her performance. A summary description of these counselings is set forth in Defendant's Position Statement dated March 23, 2005. Further answering, Defendant refers Plaintiff to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 4**

Are defendants, or any of their current or former agents, employees and/or representatives, aware of plaintiff doing or saying anything which directly or indirectly (1) calls into question the validity, merit, and/or sincerity of the allegations in her Complaint or that she was discriminated against and/or (2) support any of defendants' affirmative defenses? If the answer is yes, please:

a. Identify each person who has such information;
b. For each person identified in your answer, state what information he or she has.

**ANSWER NO. 4**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or was gathered in anticipation of litigation. Defendant further objects

to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant states that Plaintiff was orally counseled at various times throughout her employment regarding her performance. A summary description of these counselings is set forth in Defendant's Position Statement dated March 23, 2005. Further answering, Defendant refers Plaintiff to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 5**

Identify each person whom you expect to call as an expert witness at trial, and for each, state the subject matter on which said expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. In addition, please identify all reports or other documents prepared by said expert.

**ANSWER NO. 5**

Defendant has not yet decided whether it will designate any expert witnesses and will seasonably update its responses in accordance with the Federal Rules of Civil Procedure and any applicable order or directive of the Court.

**INTERROGATORY NO. 6**

Since Plaintiff left the employ of Defendant, please identify by name, age, and current and/or last known home and/or business address all persons who have worked, and/or applied to work, as staffing coordinator or to perform the duties and responsibilities formerly performed by Plaintiff.

**ANSWER NO. 6**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks confidential information that may substantially interfere with the privacy interests of third parties not

named in or related to Plaintiff's Complaint. Subject to and without waiving its objections, Defendant states that Donna Sweeting (f/k/a Donna Diallo) currently holds the position of Staffing Coordinator. Ms. Sweeting has held this position since shortly after Plaintiff's separation from employment with Defendant., Prior to her hire as the Staffing Coordinator, Ms. Sweeting was employed as an Administrative Assistant at Cherry Hill Manor. Ms. Diallo began employment with Life Care in or about 2001. Further answering, Defendant refers Plaintiff to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 7**

For each person identified in your answer to Interrogatory 7 [sic], please set forth:

a. His or her education background and experience;
b. If applicable, the period of time he or she worked for defendant;
c. If applicable, the reason why he or she was not hired by defendant.

**ANSWER NO. 7**

Defendant refers Plaintiff to its objections and responses to Interrogatory No. 6.

**INTERROGATORY NO. 8**

During the period 2000 to the present time, please identify by name, job title, age, and current and/or last known home and business address all persons who have left the employ of defendant and for each person identified, set forth the reason why he or she ceased working for defendant.

**ANSWER NO. 8**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it seeks confidential information that may substantially interfere with the privacy interests of third parties not named in or related to Plaintiff's Complaint.

**INTERROGATORY NO. 9**

This interrogatory relates to a March 23, 2005 letter from Attorney Allison Shaw to the Commission for Human Rights ("position paper"). With respect to the language in the fourth paragraph on the second page of the position paper which reads "During her first week as DON, Ms. Charron noticed that there were serious issues with Ms. Antonucci's ability to effectively staff the facility," please:

a. set forth in complete detail what constitutes effective staffing of the facility;
b. set forth each and every instance, by date and substance, that Plaintiff was unable to effectively staff the facility;
c. identify all persons who were present when Plaintiff was unable to effectively staff the facility;
d. the date and substance of all communications which relate to this answer.

**ANSWER NO. 9**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected by the attorney client privilege and/or was gathered in anticipation of litigation. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's Position Statement, which provided a general description of relevant instances of Plaintiff's unsatisfactory workplace performance, and to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 10**

With respect to the language in the fourth paragraph on the second page of the position paper which reads "Likewise, Ms. Charron also had concerns about Ms. Antonucci's willingness to accept direct supervision," please:

a. set forth each and every instance, by date and substance, that Plaintiff was unwilling to accept direct supervision;
b. identify all persons who were present when Plaintiff was unwilling to accept direct supervision; and
c. the date and substance of all communications which relate to this answer.

**ANSWER NO. 10**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected by the attorney client privilege and/or was gathered in anticipation of litigation. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's Position Statement, which provided a general description of relevant instances of Plaintiff's unsatisfactory workplace performance, and to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 11**

With respect to the language in the sixth paragraph on the second page of the position paper which reads "Another area of particular concern to Ms. Charron was Ms. Antonucci's over-reliance on paying bonuses to nurses who picked up extra shifts," please:
a. set forth each and every instance, by date and substance, that Plaintiff over-relied on paying bonuses to nurses who picked up extra shifts;
b. identify all persons who were present when Plaintiff over-relied on paying bonuses to nurses; and
c. the date and substance of all communications which relate to this answer.

**ANSWER NO. 11**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected by the attorney client privilege and/or was gathered in anticipation of litigation. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's Position Statement, which provided a general description of relevant instances of Plaintiff's unsatisfactory workplace performance, and to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 12**

With respect to the language in the fourth paragraph on the third page of the position paper which reads "Ms. Antonucci replied that she had not prepared the monthly schedule," please:

a. set forth each and every instance, by date and substance, that Plaintiff did not prepare the monthly schedule;
b. identify all persons who were present when Plaintiff did not prepare the monthly schedule;
c. the date and substance of all communications which relate to this answer.

**ANSWER NO. 12**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected by the attorney client privilege and/or was gathered in anticipation of litigation. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant

refers Plaintiff to Defendant's Position Statement, which provided a general description of relevant instances of Plaintiff's unsatisfactory workplace performance, and to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 13**

With respect to the language in the fifth paragraph on the third page of the position paper which reads "[Antonucci's] resistance to direction from Ms. Charron," please:

a. set forth each and every instance, by date and substance, that Plaintiff resisted direction from Ms. Charron;
b. identify all persons who were present when Plaintiff resisted direction from Ms. Charron;
c. the date and substance of all communications which relate to this answer.

**ANSWER NO. 13**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected by the attorney client privilege and/or was gathered in anticipation of litigation. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's Position Statement, which provided a general description of relevant instances of Plaintiff's unsatisfactory workplace performance, and to documents produced in response to Plaintiff's requests for production of documents, pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 14**

Prior to the time Plaintiff was terminated, did any defendant have any conversations with any other defendant, Life Care employee and/or agent, or Plaintiff herself, about plaintiff's performance at work, plaintiff's ability to effectively staff the facility, plaintiff's willingness to accept direct

supervision, plaintiff's over-reliance on bonuses, plaintiff's failure to prepare monthly schedules and/or plaintiff's resistance to direction from Ms. Charron? If the answer is yes, please:

a. Identify each date on which these communications occurred;
b. For each date specified in subparagraph (a), identify all persons who were present; and;
c. For each person identified in subparagraph (b), set forth was he or she said.

**ANSWER NO. 14**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Defendant states that Plaintiff was counseled by Pamela Charron on numerous occasions in or about August, September and October 2004, including but not limited to August 23, 2004, September 24, 2004 and October 1, 2004. Throughout this period of time, Ms. Charron consulted individuals, including Steve Haase and Joseph Periera, regarding Plaintiff's unsatisfactory performance.

**INTERROGATORY NO. 15**

Please identify all persons who, directly or indirectly participated in the decision to terminate Plaintiff and for each person identified, set forth what role he or she played.

**ANSWER NO. 15**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel and on the grounds that it is unduly burdensome and premature at this early stage of the litigation before discovery has been conducted. Subject to and without waiving its objections, Defendant states that the decision to terminate Plaintiff was made by Pamela Charron, in consultation with Steve Haase and Joseph Periera.

**INTERROGATORY NO. 16**

Please set forth in complete detail, the entire basis for Plaintiff's termination.

**ANSWER NO. 16**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, especially with regard to the phrase "complete detail". Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's Position Statement, which provided a general description of relevant instances of Plaintiff's unsatisfactory workplace performance, and details the events leading to Plaintiff's discharge from employment.

**INTERROGATORY NO. 17**

Identify the persons who filled in for Plaintiff when she was absent from work.

**ANSWER NO. 17**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Defendant states that Ms. Sweeting assisted with performance of the staffing coordinator's duties.

**INTERROGATORY NO. 18**

After plaintiff left the employ of the defendant, did any person hired to work as staffing coordinator or to perform the Plaintiff's former duties and responsibilities ever: have performance problems; problems with effectively staffing the facility, unwillingness to accept direct supervision, paid bonuses to nurses, failed to prepare monthly schedules and/or resisted direction from Ms. Charron? If the answer is yes, please:

a. Identify each person;
b. For each person identified, describe in as much detail as possible, what he or she did or failed to do.

**ANSWER NO. 18**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant states that Ms. Sweeting continues to perform the position of staffing coordinator and that Ms. Sweeting's work performance has been generally satisfactory.

**INTERROGATORY NO. 19**

For any person identified in your answer to Interrogatory No. 18, please describe in complete detail whether any person identified was disciplined, counseled, and/or warned in any manner, and if so, what discipline was issued and why.

**ANSWER NO. 19**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Defendant states that Ms. Sweeting's performance has not warranted disciplinary action.

**INTERROGATORY NO. 20**

If any of Defendants' employees have, in the past ten years, been disciplined or terminated for the same reasons as Plaintiff, please set forth in complete detail the employee's name, employment history, age, substance of problem with employee and discipline issued.

**ANSWER NO. 20**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, especially insofar as it seeks information beyond Plaintiff's worksite, Cherry Hill Manor, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted. Subject to and without waiving its objections, Defendant has not discharged any other staffing coordinators at Cherry Hill Manor for unsatisfactory job performance in the past ten years.

**INTERROGATORY NO. 21**

If in your Answer to Plaintiff's complaint, you have denied anything set forth in the Plaintiff's complaint, please set forth all facts in support of your denials.

**ANSWER NO. 21**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted.

**INTERROGATORY NO. 22**

This Interrogatory relates to your Answer to Plaintiff's Complaint. Please set forth all facts in support of your affirmative defenses.

**ANSWER NO. 22**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it appears to seek opinions and mental processes of Defendant's counsel at this early stage of the litigation before discovery has concluded, and before Plaintiff's deposition has been conducted.

I, Pamela Charron, state under the penalty of perjury that: I have read the foregoing Defendant Life Care's Answers To Plaintiff's First Set Of Interrogatories and know the contents thereof; that these answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undiscoverable errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of preparation of these answers; that I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made there or that more accurate information is available; that subject to the limitations set forth herein these answers are true to the best of my knowledge; information and belief.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7th DAY OF December, 2006.

Pamela Charron

AS TO OBJECTIONS:

Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

DATE: 12/11/06

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 11th day of December, 2006, a copy of the foregoing document was served upon Plaintiff's counsel, Patricia E. Andrews, Esquire and Carly Beauvais Iafrate, Esquire, 129 Dyer Street, Providence, RI 02903 via first class U.S. mail, postage pre-paid.

Christopher J. Campbell, R.I. Bar No. 6611