UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BARBARA ANTONUCCI,
Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC., PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

C.A. No. 06-108-ML

**DEFENDANT LIFE CARE'S RESPONSE TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Life Care Centers of America, Inc., ("Defendant") hereby responds to Plaintiff's First Request for Production of Documents as follows:

**GENERAL OBJECTIONS AND DEFINITIONS**

1. As used herein, "burdensome" means the interrogatory requires searching for information with little value or benefit to the parties, such that the value of producing the information is far outweighed by the burden of producing it. This is especially true where the Plaintiff can or already has obtained the information from other sources.

2. As used herein, "overbroad" means the interrogatory, at least in part, seeks information that is irrelevant in subject matter and/or time period reasonably inferred from the allegations in Plaintiff's Complaint, and is not likely to lead to the discovery of admissible evidence.

3. Defendant objects to each document request insofar as it seeks documents that are protected from disclosure by the attorney/client privilege, work product doctrine, were complied in anticipation of litigation, and/or are otherwise not subject to discovery and will not produce such

documents. In the event any privileged document is produced by Defendant, its production is inadvertent and does not constitute a waiver of any privilege.

4. Defendant objects to each document request insofar as it seeks information which constitutes confidential and/or proprietary information that is not relevant to the claim or defense of any party.

5. Defendant will produce such documents as it has located after reasonable search referenced herein within a reasonable period of time and will supplement such production if further documents are located during the course of litigation.

**RESPONSES**

Subject to and incorporating by reference the foregoing general objections and definitions, Life Care responds to the individual requests as follows:

**REQUEST NO. 1**

All documents which relate to plaintiff's employment. Your answer should include, but not necessarily be limited to, plaintiff's personnel file, any documents reflecting communications to, from or about plaintiff, any documents relating to plaintiff's job performance, job duties or responsibilities, any documents which relate to problems plaintiff was having on the job, any records pertaining to her duties or responsibilities, any records relating to any formal or informal complaints made by plaintiff, any investigations relating to plaintiff, any interviews of employees which relate to plaintiff, and any documents signed by plaintiff which reflect that she received, or knew about, any of your policies.

**RESPONSE NO. 1**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Subject to and without waiving its

objections, Defendant will produce a copy of the personnel file maintained by Life Care for the Plaintiff.

**REQUEST NO. 2**

Any and all documents relating to any charges of discrimination filed by plaintiff with the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission including, but not limited to, all communications to or from either agency, any documents sent to the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission, and/or any handwritten notes taken by any person during any communications with either agency including any handwritten notes taken during any meetings or hearings.

**RESPONSE NO. 2**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant will produce documents filed at or received from the Rhode Island Commission for Human Rights in this case.

**REQUEST NO. 3**

Any and all documents which reflect, and/or relate to, any oral or written communications between any current or former agent, employee and/or representative of Defendant's and any other current or former agent, employee and/or representative of Defendant's which relate to plaintiff's allegations of discrimination, the substance of this lawsuit, her charges filed with the Rhode Island Commission for Human Rights, and/or Defendant's answer to this lawsuit including any defenses

**RESPONSE NO. 3**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that

would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant will produce documents it is able to locate after conducting a reasonable search, including documents regarding payment of bonus dollars and documents regarding Plaintiff's employment with and discharge from employment with Defendant, subject to the parties executing a suitable stipulation of confidentiality.

**REQUEST NO. 4**

Any and all documents which reflect, and/or relate to, any oral or written communications between plaintiff (and/or any of her agents, family members, representatives and/or health care providers) and any current or former agent, employee and/or representative of Defendant's which relate to plaintiff's allegations of discrimination, the substance of this lawsuit, her charges filed with the Rhode Island Commission for Human Rights, and/or Defendant's answer to this lawsuit including any defenses.

**RESPONSE NO. 4**

Defendant refers Plaintiff to its objections to and documents produced in response to Requests Nos. 1 and 2.

**REQUEST NO. 5**

Any and all documents which you claim call into question (or may call into question), dispute, or conflict with, the validity, sincerity and/or merit of any of Plaintiff's allegations in this lawsuit and/or any allegations by Plaintiff that she has been discriminated against.

**RESPONSE NO. 5**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product

doctrine, and/or was prepared in anticipation of litigation. Defendant further objects to this request to the extent that it appears to seek the opinion of Defendant's counsel as to the significance and/or effect of particular documents, prior to the completion of Defendant's investigation of Plaintiff's complaint through discovery. Subject to and without waiving its objections, Defendant refers Plaintiff to its objections and responses to Plaintiff's requests for documents.

**REQUEST NO. 6**

Any and all documents in the possession of any current or former supervisor(s) of Plaintiff which relate to Plaintiff and her allegations of discrimination.

**RESPONSE NO. 6**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant states that Ms. Charron is not in possession of any additional documents.

**REQUEST NO. 7**

During the past five (5) years, any and all documents which relate to any efforts by Defendant to prevent, alleviate, address, and/or correct employment discrimination in Plaintiff's workplace including, but not limited to, any policies, any documents relating to any training, any documents relating to affirmative action, and/or any documents which reflect, and/or relate to, any action which defendant(s) took in response to any formal or informal complaints of discrimination made by any current or former employees including plaintiff.

**RESPONSE NO. 7**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product

doctrine, and/or was prepared in anticipation of litigation. Defendant further objects to this request on the grounds that the information sought constitutes a substantial or unreasonable interference with the privacy interests of third-parties not named in or referenced in Plaintiff's Complaint, for which Plaintiff has not shown any particularized need. Subject to and without waiving its objections, Defendant will produce a copy of its employee handbook.

**REQUEST NO. 8**

Any documents relating to any formal or informal investigation conducted by Defendant regarding, or in response to, any claims by Plaintiff that she was discriminated against, and/or was treated differently than younger employees.

**RESPONSE NO. 8**

Defendant objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant refers Plaintiff to its objections and response to Request No. 2.

**REQUEST NO. 9**

Any and all documents which relate to, or support, any affirmative defenses asserted by Defendant in its Answer to the Complaint.

**RESPONSE NO. 9**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Defendant further objects to this request

to the extent that it appears to seek the opinion of Defendant's counsel as to the significance and/or effect of particular documents, prior to the completion of Defendant's investigation of Plaintiff's complaint through discovery. Subject to and without waiving its objections, Defendant refers Plaintiff to documents produced in response to Plaintiff's other requests for production of documents.

**REQUEST NO. 10**

All documents which were used, referred to, considered and/or relied upon by Defendant in preparing the Answer to Plaintiff's Complaint.

**RESPONSE NO. 10**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant refers Plaintiff to documents produced in response to Plaintiff's other requests for production of documents.

**REQUEST NO. 11**

Any and all documents which were used, referred to, considered and/or relied upon by Defendant in preparing its answers to Plaintiff's First Set of Interrogatories.

**RESPONSE NO. 11**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the

information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant refers Plaintiff to documents produced in response to Plaintiff's other requests for production of documents.

**REQUEST NO. 12**

All reports or other documents prepared by any expert you expect to call as an expert witness at trial.

**RESPONSE NO. 12**

Defendant states that it has not yet decided whether it will designate any expert witness(es) in this matter, and that it will supplement its responses in accordance with the scheduling order issued by the Court on or about September 5, 2006.

**REQUEST NO. 13**

The entire personnel file of Donna Diallo and/or any person who replaced Plaintiff and/or performed the same duties and responsibilities as Plaintiff at any time since her termination.

**RESPONSE NO. 13**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving its objection, Defendant will produce a copy of the personnel file of Donna Sweeting (f/k/a Donna Diallo), subject to the parties executing a suitable stipulation of confidentiality.

**REQUEST NO. 14**

From 2000 to the present, any and all documents which reflect, or relate to, any formal or informal complaints, statements, grievances, charges, and/or allegations by employees, about age-discrimination, and/or about being treated differently based upon age.

**RESPONSE NO. 14**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Defendant further objects to this request on the grounds that the information sought constitutes a substantial or unreasonable interference with the privacy interests of third-parties not named in or referenced in Plaintiff's Complaint for which Plaintiff has not shown any particularized need.

**REQUEST NO. 15**

Any and all documents, including nursing schedules, requests for shift changes, calendars, notes, memoranda, that relate to any work performed by Plaintiff from 2000 to the time she was terminated, and the filling of positions at Cherry Hill Manor.

**RESPONSE NO. 15**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome (especially insofar as it would require Defendant to search through each and every personnel file of Life Care employees for which Plaintiff was responsible for scheduling as part of her preparation of the staffing schedule), and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Defendant further objects to

this request on the grounds that the information sought constitutes a substantial or unreasonable interference with the privacy interests of third-parties not named in or referenced in Plaintiff's Complaint, for which Plaintiff has not shown any particularized need. Subject to and without waiving its objections, Defendant will produce monthly staffing schedules from 2003 and 2004 which it is able to locate after conducting a reasonable search and daily staffing schedules from January 2004 through October 2005, subject to the parties executing a suitable stipulation of confidentiality.

**REQUEST NO. 16**

This request relates to the position paper submitted to the Rhode Island Commission for Human Rights. Any and all documents which were used, consulted, referred to, and/or relied upon in preparing the position paper.

**RESPONSE NO. 16**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation.

**REQUEST NO. 17**

Any and all documents which relate to the qualifications, resume and/or reasons for hiring Donna Diallo and/or any other person who replaced Plaintiff and/or performed the same duties and responsibilities as Plaintiff following her termination.

**RESPONSE NO. 17**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant refers Plaintiff to its response to Request No. 13.

**REQUEST NO. 18**

Any and all documents relating to the reason or reasons why Plaintiff was terminated.

**RESPONSE NO. 18**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant refers Plaintiff to documents produced in response to Plaintiff's other requests for production of documents.

**REQUEST NO. 19**

For the past ten years, any and all documents relating to or reflecting any employee who was terminated for the same reasons as Plaintiff, including what the employee did and why the employee was terminated.

**RESPONSE NO. 19**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that

would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Defendant further objects to this request on the grounds that the information sought constitutes a substantial or unreasonable interference with the privacy interests of third-parties not named in or referenced in Plaintiff's Complaint for which Plaintiff has not shown any particularized need. Subject to and without waiving its objections, Defendant states that no other employee engaged in similarly insubordinate behavior and/or otherwise similarly refused to comply with the directions of his or her supervisor, and therefore Defendant has no documents responsive to this request.

**REQUEST NO. 20**

For the past ten years, any and all documents relating to any employee who was disciplined in any way for the same reasons as Plaintiff, including what the employee did, what discipline was issued and why.

**RESPONSE NO. 20**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation. Defendant further objects to this request on the grounds that the information sought constitutes a substantial or unreasonable interference with the privacy interests of third-parties not named in or referenced in Plaintiff's Complaint for which Plaintiff has not shown any particularized need. Subject to and without waiving its objections, Defendant states that no other employee engaged in similarly insubordinate behavior and/or

otherwise similarly refused to comply with the directions of his or her supervisor, and therefore Defendant has no documents responsive to this request.

**REQUEST NO. 21**

From the time Plaintiff was fired, any and all documents reflecting pay and benefits given to any person performing Plaintiff's former duties and responsibilities.

**RESPONSE NO. 21**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant refers Plaintiff to its response to Request No. 13.

**REQUEST NO. 22**

The job descriptions pertaining to the job that Plaintiff held before her termination.

**RESPONSE NO. 22**

Defendant objects to this request on the grounds that it is vague and ambiguous and overly broad. Subject to and without waiving its objections, Defendant refers Plaintiff to the job description attached to the August 23, 2004 counseling, which is contained in the documents responsive to Request No. 1.

**REQUEST NO. 23**

Any policies of Defendant(s) which applied to, and/or violated by, Plaintiff and which relate to this lawsuit and/or your answer to the complaint filed in this lawsuit.

**RESPONSE NO. 23**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that

would be admissible at trial. Subject to and without waiving its objections, Defendant will produce a copy of the employee handbook of Life Care Centers of America, Inc.

**REQUEST NO. 24**

Any and all documents, including policies, regulations and/or laws, that relate to the appropriate and/or required staffing levels at Cherry Hill Nursing Home.

**RESPONSE NO. 24**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant states that there is no mandatory staffing level required at Cherry Hill Manor.

**REQUEST NO. 25**

Any and all documents that relate to the allegation contained in the position paper that Charron had concerns after Ms. Antonucci's willingness to accept direct supervision.

**RESPONSE NO. 25**

Defendant refers Plaintiff to its objections and response to Requests Numbers 1 and 2.

**REQUEST NO. 26**

Any and all documents that relate the allegation contained in the position paper that Charron had serious issues with Ms. Antonucci's ability to effectively staff the facility.

**RESPONSE NO. 26**

~~Defendant refers Plaintiff to its objections and responses to requests Numbers 1 and 2.~~

**REQUEST NO. 27**

Any and all schedules referred to the in the position paper.

**RESPONSE NO. 27**

Defendant refers Plaintiff to its objections and response to Request No. 15.

**REQUEST NO. 28**

Any documents that evidence Charron having to complete staffing calls for Ms. Antonucci and/or that positions remained vacant after Ms. Antonucci's calls.

**RESPONSE NO. 28**

Defendant refers Plaintiff to its objections and response to Request Nos. 1, 2, and 15.

**REQUEST NO. 29**

Any and all documents that reflect or relate to bonuses offered to employees to pick up extra shifts from January 2003 to October 2005.

**RESPONSE NO. 29**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome (especially insofar as it would require Defendant to search through each and every personnel file of Life Care employees for which Plaintiff was responsible, including in the staffing schedule), and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant refers Plaintiff to documents produced in response to Plaintiff's other requests for production of documents.

**REQUEST NO. 30**

Monthly staffing schedules from January 2004 to October 2005.

**RESPONSE NO. 30**

Defendant refers Plaintiff to its response to Request No. 15.

**REQUEST NO. 31**

Any and all two-week action plans that relate to any other employees at Cherry Hill Manor from 2002 to the present.

**RESPONSE NO. 31**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request on the grounds that the information sought constitutes a substantial or unreasonable interference with the privacy interests of third-parties not named in or referenced in Plaintiff's Complaint for which Plaintiff has not shown any particularized need.

**REQUEST NO. 32**

The weekend schedule referred to in the position paper of October 1, 2004.

**RESPONSE NO. 32**

Defendant refers Plaintiff to its objections and response to Request No. 15.

**REQUEST NO. 33**

Any and all daily sheets from January 2004 to October 2005.

**RESPONSE NO. 33**

Defendant refers Plaintiff to its objections and response to Request No. 15.

**REQUEST NO. 34**

Any and all lists of all nursing staff from January 2004 to January 2005.

**RESPONSE NO. 34**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Defendant further objects to this request on the grounds that the information sought constitutes a substantial or unreasonable interference with the privacy interests of third-parties not named in or referenced in Plaintiff's Complaint for which Plaintiff has not shown any particularized need. Subject to and without waiving its objections, Defendant refers Plaintiff to its response to Request No. 15.

**REQUEST NO. 33 [SIC]**

Staffing schedules and bonus documents from Life Care's sister facility that it required Plaintiff to train at, from January 1, 2004 to October 2005.

**RESPONSE NO. 35**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial.

**REQUEST NO. 34 [SIC]**

The complete personnel file of "Becky," the employee at the sister facility who trained Plaintiff.

**RESPONSE NO. 36**

Defendant objects to this request on the grounds that it is overly broad and that the information sought constitutes a substantial or unreasonable interference with the privacy interests of

third-parties not named in or referenced in Plaintiff's Complaint for which Plaintiff has not shown any particularized need.

**REQUEST NO. 35 [SIC]**

Any and all documents reflecting or relating to phone calls made by Plaintiff in order to staff positions at Cherry Hill Manor from January 2004 to the time she was terminated.

**RESPONSE NO. 37**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant states that it does not maintain records of telephone calls made by employees at Cherry Hill Manor.

**REQUEST NO. 36 [SIC]**

Any and all documents reflecting or relating to phone calls made by any person who replaced Plaintiff or performed her duties and responsibilities, in order to staff positions at Cherry Hill Manor, from October 2004 to October 2005.

**RESPONSE NO. 38**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant states that it does not maintain records of telephone calls made by employees at Cherry Hill Manor.

**REQUEST NO. 37 [SIC]**

Any and all documents reflecting or relating to phone calls made by Pam Charron, in order to staff positions at Cherry Hill Manor, from July 2004 to October 2005.

**RESPONSE NO. 39**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant states that it does not maintain records of telephone calls made by employees at Cherry Hill Manor.

**REQUEST NO. 38 [SIC]**

Any other document, not specifically requested, that relates to this lawsuit.

**RESPONSE NO. 40**

Defendant objects to this request to the extent that the information sought is protected from disclosure by the attorney/client privilege, work product doctrine, and/or was prepared in anticipation of litigation.

Respectfully submitted,

LIFE CARE CENTERS, INC.,
By its attorneys,

Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

December 11, 2006

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 11th day of December, 2006, a copy of the foregoing document was served upon Plaintiff's counsel, Patricia E. Andrews, Esquire and Carly Beauvais Iafrate, Esquire, 129 Dyer Street, Providence, RI 02903 via first class U.S. mail, postage pre-paid.

Christopher J. Campbell, R.I. Bar No. 6611