**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BARBARA ANTONUCCI,**
**Plaintiff,**

**v.** **C.A. No. 06-108 ML**

**CHERRY HILL MANOR, et al.,**
**Defendants.**

**PLAINTIFF'S MOTION TO EXTEND TIME FOR EXPERT DISCLOSURE**

Now comes the Plaintiff, Barbara Antonucci, ("Plaintiff"), and hereby requests an extension of time within which to make her expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and this Court's pre-trial order. Plaintiff is requesting another twenty (20) days, or up to and including Tuesday, March 20, 2007. As grounds therefore, Plaintiff states the following.

Plaintiff's counsel made an error and believed that the Plaintiff had until Monday, March 5, 2007, to complete Plaintiff's expert disclosures. It was not until this past week, when defense counsel and plaintiff's counsel were discussing a request for an extension of the discovery deadlines that plaintiff's counsel realized March 5 was defendant's date, and not plaintiff's. At this point, Plaintiff has decided that she will require the testimony of her treating physicians, Dr. Zelko Leon, and Dr. Holly Tytell. Defendant will not suffer any prejudice by Plaintiff preparing the disclosure before March 20 for the following reasons.

Dr. Leon was identified to Defendants in Plaintiff's Rule 26 disclosure in September 2006. Dr. Tytell, who works in Dr. Leon's office, was identified to Defendant's in Plaintiff's Answers to Interrogatories in November 2006. Not surprisingly, their expected testimony will relate to

Plaintiff's treatment for emotional distress and pain and suffering related to her job loss. These physicians will testify as to their own treatment of Plaintiff.[1]

Defendant has had, and still has, ample opportunity to depose Drs. Leon and Tytell. In fact, Defendant has had ample opportunity to depose them since first learning of their treatment at the inception of this lawsuit. In addition, Defendants have had the medical records of both of these doctors for some time.

Accordingly, Plaintiff respectfully requests that this motion be granted.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate
______________________________

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)

[1]Plaintiff notes that pursuant to the rule, a formal disclosure is required when an expert is "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Here, it is unclear if further information is even required, since Plaintiff's "experts" are really only the Plaintiff's treating physicians.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 28th day of February 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate
____________________________