UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA ANTONUCCI, Plaintiff, | |
| v. | |
| LIFE CARE CENTERS OF AMERICA, INC., PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity, Defendants. | C.A. No. 06-108-ML |

**DEFENDANT, LIFE CARE CENTER'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES**

Defendant, Life Care Centers of America, Inc. ("Defendant") hereby submits this memorandum in support of its Opposition to Plaintiff's Motion To Compel Defendant's Supplemental Answers To Interrogatories.

After on-going discussions between the parties regarding further responses requested by Plaintiff to the interrogatories she served on Defendant, the parties reached agreement on substantially all of Plaintiff's requests. The additional information was provided in a letter to Plaintiff's counsel on January25, 2007, and Defendant has subsequently served Plaintiff with a copy of Defendant Life Care's Supplemental Answers To Plaintiff's First Set Of Interrogatories. Accordingly, the first request in Plaintiff's Motion To Compel Defendant's Supplemental Answers To Interrogatories is moot.

Plaintiff's motion also seeks to compel Defendant's counsel's opinion as to the legal significance of particular facts, according to the vague and self-serving categories

defined in Plaintiff's interrogatories. In particular, Plaintiff has requested that Defendant identify all facts that disprove the allegations in Plaintiff's First Amended Complaint (Request No. 21). Plaintiff's request should be denied, because Plaintiff's allegations do not allege specific facts that are susceptible to admission or denial. Rather, Plaintiff filed a bare-boned and conclusory complaint in which she makes sweeping statements of discriminatory conduct.

For instance, Plaintiff alleges that she was "subjected to discriminatory terms and conditions of employment based on age" (¶ 14). Similarly, Plaintiff alleges "unlike similarly situated younger employees," and "without justification" she was "belittled, set up to fail, and her work was criticized" by Ms. Charron (¶16). Plaintiff also alleged that Ms. Charron and Mr. Haase disciplined and terminated Plaintiff "without justification and on the basis of her age" (¶17), and that the reason for her discharge was a "pretext for age discrimination" (¶18). Plaintiff's First Amended Complaint contained no examples supporting Plaintiff's conclusory allegations – the allegations are no more than self-serving statements that Defendant engaged in unlawful age discrimination. As a result, Plaintiff's request that Defendant identify facts that dispute Plaintiff's allegations is akin to requesting that Defendant "prove a negative."

Plaintiff's request is especially absurd, given that Plaintiff, herself, could not identify the allegedly younger employees to who she claims to compare herself – with the exception of Donna Sweeting, the employee who was offered the Scheduler position after Plaintiff's discharge. Ms. Sweeting's personnel file – which lacks any written warnings for insubordination and disrespectful behavior – has been produced to Plaintiff.

To the extent that Plaintiff seeks facts refuting her conclusory allegation that she performed her job in an acceptable fashion (¶20), Defendant has already provided such information in responses to interrogatories and supplemental responses to interrogatories. In addition, Defendant has identified documents reflecting Plaintiff's unsatisfactory performance, including the 10/24/04[1] Counseling (Bates No. DEF00174); the 08/23/04 Written Warning (Bates Nos. DEF00032 - DEF00036); the 10/04/04 Termination form (Bates Nos. DEF00171 – DEF00172); the 12/08/03 Written Warning (Bates Nos. DEF00030 – DEF00031), the 03/04/04 Evaluation (Bates Nos. DEF00037 – DEF00041). Other documents provided by Defendant may also bear a tangential relationship to Plaintiff's performance. For instance, Defendant provided information on bonus payments made to licensed staff during 2004 (Bates Nos. DEF01554 – DEF01635).

Plaintiff's request for Defendant to identify the facts supporting its affirmative defenses (Request No. 22) is equally misplaced, because Plaintiff is asking for Defendant's opinion as to the legal significance of particular facts. Notwithstanding Plaintiff's improper request, the information regarding Plaintiff's unsatisfactory performance referenced above supports Defendant's affirmative defense that its actions with regard to Plaintiff were undertaken for legitimate business purposes and were undertaken in good faith. Similarly, the dates contained in Plaintiff's pleadings indicate that part or all of Plaintiff's claim is time-barred. Facts relative to other affirmative defenses, such as the failure to mitigate damages, are in possession of Plaintiff.

---

[1] This document appears to be misdated, and is believed to correspond to September 24, 2004.

## Conclusion

For the foregoing reasons, Defendant respectfully requests the Court deny Plaintiff's Motion To Compel Defendant's Supplemental Answers To Interrogatories.

Respectfully submitted,
LIFE CARE CENTERS, INC.,
By its attorneys,

/s/ Christopher J. Campbell
Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

Dated: March 12, 2007

## CERTIFICATE OF SERVICE

This is to certify that on March 12, 2007, a copy of the above document was electronically filed with the United States District Court for the District of Rhode Island through its Electronic Case Filing System.

/s/ Christopher J. Campbell
Jackson Lewis LLP