UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA ANTONUCCI,
Plaintiff,

v. : CA 06-108 ML

CHERRY HILL MANOR, CHERRY HILL NURSING HOME, LTD., LIFE CARE CENTERS OF AMERICA, INC., EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE in his personal and official capacity,
Defendants.[1]

**ORDER**
**GRANTING IN PART**
**PLAINTIFF'S MOTIONS TO COMPEL**

On March 21, 2007, the Court conducted a hearing on two motions filed by Plaintiff:

1) Plaintiff's Motion to Compel Defendant's Supplemental Answers to Interrogatories (Document ("Doc.") #18) ("Motion to Compel Supplemental Answers"); and

2) Plaintiff's Motion to Compel Defendant's Supplemental Response to Plaintiff's Document Request (Doc. #20) ("Motion to Compel Supplemental Response"). The Court's rulings regarding these motions are set forth below.

## I. Motion to Compel Supplemental Answers

### A. Interrogatory No. 21

Plaintiff's motion to compel a supplemental answer to

---

[1] On August 22, 2006, Chief (then District) Judge Mary M. Lisi issued a Memorandum and Order (Doc. #12) denying Plaintiff's Motion to Remand and dismissing all counts against Defendants Cherry Hill Nursing Home, Ltd., and Edward J. Mitson, Jr.

Interrogatory No. 21 is granted to the following extent.

1) With reference to the denial of paragraph 17 of the Amended Complaint, Defendant Life Care Centers, Inc. ("Defendant"), shall state the facts based on which Defendant disciplined and ultimately terminated Plaintiff in October 2004.

2) With reference to the denial of paragraph 19 of the Amended Complaint, Defendant shall state the facts which support its denial that "plaintiff was replaced by a substantially younger person who was not as experienced or as qualified as plaintiff."

3) With reference to the denial of paragraph 20 of the Amended Complaint, Defendant shall state the facts which support its denial that "Plaintiff consistently performed her duties and responsibilities in at least a satisfactory manner during the entire time that she was employed by Defendants."

In all other respects Plaintiff's motion to compel a supplemental answer to Interrogatory No. 21 is denied.

**B. Interrogatory No. 22**

Plaintiff's motion to compel a supplemental answer to Interrogatory No. 22 is granted to the following extent.

1) With reference to the Second Affirmative defense, Defendant shall set forth all facts which support its statement that "Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands."

2) With reference to the Third Affirmative Defense, Defendant shall set forth all facts within its knowledge which support its statement that Plaintiff "is barred from recovery, in whole or in part, due to a failure to mitigate those damages."

3) With reference to the Fourth Affirmative Defense, Defendant shall briefly set forth all facts which support its statement that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations."

4) With reference to the Fifth Affirmative Defense, Defendant shall briefly set forth all facts which support its statement that "Plaintiff has failed to exhaust her administrative remedies."

In all other respects Plaintiff's motion to compel a supplemental answer to Interrogatory No. 22 is denied.

**II. Motion to Compel Supplemental Response**

**A. Request No. 29**

The motion is granted to the extent that Defendant shall produce documents that reflect or relate to bonuses offered to employees to pick up extra shifts (or documents that reflect payments made to an agency to provide coverage to cover gaps which otherwise would have been filled by Defendant's employees working extra shifts) for the one year period preceding Plaintiff's termination. If such documents are not available, Defendant shall provide a statement from a knowledgeable person explaining why this is so. In all other respects, the motion is denied as to Request No. 29.

**B. Request No. 35**

The motion is granted to the extent that Defendant shall produce staffing schedules and bonus documents from Life Care's sister facility for the period September to November of 2004. In all other respects, the motion is denied as to Request No. 35.

**III. Time and Form of Compliance**

**Defendant shall comply with this Order by April 13, 2007.** In providing the supplemental answers and responses required by this Order, Defendant shall not use the phrase "Defendant refers

Plaintiff to its objections and responses to Plaintiff's request for documents" (or similar phrase) without also identifying by number the response(s) to which it is referring. In other words, Plaintiff is not to be directed generally to all previous answers or responses to interrogatories or requests for production. Defendant must provide some degree of specificity which will direct Plaintiff to the answers or documents to which Defendant is referring.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 21, 2007