**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BARBARA ANTONUCCI,**<br>**Plaintiff,**<br><br>**v.**<br>**CHERRY HILL MANOR, et al.,**<br>**Defendants.** | : | **C.A. No. 06-108 ML** |

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE FURTHER DEPOSITION PURSUANT TO RULES 26 AND 30**

Now comes the Plaintiff, Barbara Antonucci, ("Plaintiff"), and hereby requests the Court's permission to finish and complete the deposition of Defendant Pamela Charron pursuant to Fed. R. Civ. P. 26(b)(2) and 30(d)(2).

In support of this motion, Plaintiff relies on the memorandum submitted herewith.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 16th day of April 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **BARBARA ANTONUCCI,** **Plaintiff,** v. **CHERRY HILL MANOR, et al.,** **Defendants.** | **C.A. No. 06-108 ML** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TAKE FURTHER DEPOSITION PURSUANT TO RULES 26 and 30**

I. *Brief Facts and Travel.*

This is an age-discrimination action filed by Plaintiff, Barbara Antonucci ("Antonucci"), who was employed by Defendant, Life Care Centers of America ("Life Care"), and its predecessors for nearly eighteen years. In October 2004, she was fired from her job as staffing coordinator by Defendant Pamela Charron ("Charron") who had recently become the Director of Nurses at Cherry Hill Manor. As a basis for the termination, Charron accused Antonucci of poor job performance. Antonucci was then replaced by a younger person, whom she trained, and who continued to perform the job like she had. Among other things, even though Plaintiff's replacement performs the job in the same manner as Antonucci did, she has not been disciplined for any of the things Antonucci was disciplined for. In addition, the "new" job description Antonucci was required to follow was never given to her replacement. This lawsuit followed.

Although Plaintiff had noticed the deposition of Charron previously during the discovery period, the deposition did not take place until Wednesday, April 11. The deposition was noticed for 10 a.m. Because of a coffee break taken by Charron and her counsel, the deposition did not begin until 10:15 a.m. Without breaks, this would have permitted Plaintiff to depose Charron, according to the rules, until 5:15 p.m. However, multiple breaks were taken, mostly at the request of Defendants' counsel, as will be outlined below. Accordingly, by the stenographer's calculation, Plaintiff had until 7 p.m. to depose Ms. Charron. However, the deponent had to leave at 5:30 p.m. because of child-care obligations. Plaintiff's counsel was not given any advance notice that the deposition would have to conclude by 5:30 p.m. Accordingly, Plaintiff has filed the within motion to request not only the additional hour and a half left under the rules, but also one additional hour based on the critical nature of this witnesses' testimony. Plaintiff has attempted, pursuant to Rule 37, to work out the instant dispute. Defendant has disagreed with Plaintiff's assessment of the time remaining and refused to afford the additional hour in all events.[1]

*II. Argument.*

In the instant case, it is clear that under the circumstances, further deposition is warranted. Pursuant to Fed. R. Civ. P. 30(d)(2), unless otherwise provided by the Court or by stipulation, "a deposition is limited to one day of seven hours." However, the Court "must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Id. Rule 26(b)(2) provides that "the court may alter the limits in these rules * * *." Fed. R. Civ. P. 26(b)(2).

---

1 The deposition transcript has not yet been received. Once it is received, if the Court wishes to review the transcript, Plaintiff will provide a copy. However, with discovery closure scheduled for May 7, 2007, time requires that this motion be filed.

*Plaintiff is entitled to finish the seven hours.*

First, it is apparent that Charron left the deposition before Plaintiff was able to finish the seven hours allowed by Fed. R. Civ. P. 30(b)(2). Plaintiff's counsel was prepared to finish the deposition in one day, and was not allowed to do so by Defendants. With the exception of one break requested by the Court Reporter, all of the other breaks and delays were either requested by Defendants, or caused by interruptions not the fault of Plaintiff. The breaks were as follows:

- Deposition started 15 minutes late due to coffee break of defense counsel and deponent.
- Defendants requested lunch break which lasted 55 minutes.
- Defendants requested additional coffee break of 10 minutes
- Defendants took three bathroom breaks for a total of 15-20 minutes.
- Court reporter requested a break for her back – 10 minute break.
- Plaintiff's counsel was forced to request a conference with the magistrate judge because defense counsel's objections were inappropriate.

As of approximately 5:15 p.m., the estimated remaining time according to the stenographer was 1 hour and 45 minutes. Charron stayed an additional 15 minutes, until 5:30 p.m. Accordingly, by Plaintiff's calculations, there was still 1 hour and a half remaining for the deposition and there is no reason why the remaining time could not be finished, absent Charron's schedule restrictions, of which Plaintiff's counsel was previously unaware. As noted above, none of the breaks were requested by Plaintiff. The deposition was rife with defense counsel's lengthy and inappropriate objections and discussion which prompted a conference with the judge. If it were not for Charron's premature departure, and the impediment and delay caused by defense counsel, the deposition could have concluded on April 11.

Plaintiff also notes that common courtesy regarding depositions is that in the event they are not finished within the seven hours (or one day, since cramming seven hours of deposition is

difficult in one day), lawyers consistently agree out of professional courtesy to extend the timelines. In this case, since the start of the discovery period, defense counsel has adhered strictly to the rule with respect to depositions of defense witnesses. To the contrary, Plaintiff had no problem making herself available on two separate occasions when she became tired after multiple hours of deposition on the first day. Although defense counsel objected to continuing that deposition as well, the point is, it is common courtesy to make a witness available for further deposition. In this case, Defendants have not indicated there is any prejudice or harm that will be caused by having Ms. Charron return.

*Plaintiff is Entitled to One Additional Hour (Exclusive of Breaks)*

Charron was the main decision-maker in this case. Her position in this case is that once she became the DON at Cherry Hill, at the end of July 2004, Antonucci had such significant performance problems that she was forced to terminate her in October 2004. This is despite the fact that Antonucci had been employed at Cherry Hill for nearly eighteen years with no similar problems. The performance issues that Antonucci supposedly had, according to Defendants, are varied. Accordingly, Plaintiff must be given a full and fair opportunity to inquire into all of the issues, and as will be made obvious by the transcript, Plaintiff has not yet been able to do that. As stated above, part of the reason why additional time is necessary is because some time was spent in the first session on the issue of whether defense counsel's objections were appropriate, after which a hearing had to be conducted with the magistrate judge. Although the judge warned everyone to conduct themselves according to the rules, there were still further instances where, in Plaintiff's opinion, defense counsel's discussion and objections went beyond the scope of the rules. As stated above, Charron is the essential witness in the case, and Plaintiff has not asked to exceed the



Case 1:06-cv-00108-ML-DLM Document 32 Filed 04/16/2007 Page 6 of 7

time with any other witness. In fact, Plaintiff has taken only two other depositions and both were completed within the seven hour and one day rule. Discovery closure is May 7, 2007.

III. *Conclusion.*

Accordingly, Plaintiff respectfully requests that the deposition be re-convened so that Plaintiff can finish the deposition and so that she can have a total of 2 hours and 30 minutes within which to complete the deposition.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 16th day of April 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate