**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **BARBARA ANTONUCCI,** **Plaintiff,** v. **CHERRY HILL MANOR, et al.,** **Defendants.** | **C.A. No. 06-108 ML** |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT CHARRON TO PRODUCE SUPPLEMENTAL DOCUMENTS/MOTION FOR CONTEMPT**

Now comes the Plaintiff, Barbara Antonucci, ("Plaintiff"), and hereby moves to compel Defendant Pam Charron to provide supplemental responses to Plaintiff's First Request for Production of Documents to Defendant Charron pursuant to Rules 34 and 37. Plaintiff also seeks a finding of contempt due to Defendant Charron's failure to produce said documents pursuant to a validly issued subpoena without adequate excuse pursuant to Rule 45(e).

In support of this motion, Plaintiff relies on the memorandum submitted herewith.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 24th day of April 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **BARBARA ANTONUCCI,**<br>**Plaintiff,**<br><br>**v.**<br>**CHERRY HILL MANOR, et al.,**<br>**Defendants.** | **C.A. No. 06-108 ML** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT CHARRON TO PRODUCE SUPPLEMENTAL DOCUMENTS/MOTION FOR CONTEMPT**

I. *Brief Facts and Travel.*

This is an age-discrimination action filed by Plaintiff, Barbara Antonucci ("Plaintiff"), who was employed by Defendant, Life Care Centers of America ("Life Care"), and its predecessors for nearly eighteen years. In October 2004, she was fired from her job as staffing coordinator by Defendant Pamela Charron ("Charron") who had recently become the Director of Nurses at Cherry Hill Manor. This lawsuit followed.

On February 5, 2007, Plaintiff caused a subpoena to be served upon Charron to produce certain documents. See Exhibit A, Subpoena and Document Request. These documents were subpoenaed in order to ensure that they were received before her deposition.[1] The subpoena was served upon Charron on or about February 6 and required compliance by March 9, 2007 at 9 a.m. No response was received on March 9. Significantly, Charron did not object to the subpoena, and did not file a motion to quash or a motion for protective order. Instead, Charron responded, by

[1] Although Plaintiff noticed Charron's depositions at least four times, it did not take place until April 11, 2007.

producing only her personnel file, on or about March 12. See Exhibit B, *Charron's Response to Document Request.* Accordingly, Plaintiff is requesting that the Court not only require Charron to fully respond to the request in the form of a supplemental response, but also find that Charron's refusal to comply with Rule 45 was unexcused. Plaintiff has attempted to resolve this matter without court intervention. Defendants' position, to date, has been that no subpoena can be issued to a party-Defendant. Because this claim is without merit, Plaintiff respectfully requests that the relief requested be granted.

*II. Argument.*

*Rule 45*

Rule 45 of the Federal Rules of Civil Procedure does not prohibit parties from being required to produce documents pursuant to a subpoena. In fact, nothing in Rule 34 provides that it is the only method by which parties can obtain documents from other parties and nothing in Rule 45 provides that it is designed only as a mechanism for obtaining documents from non-parties. See, e.g., Walton v. Taylor, 1998 U.S. Dist. Lexis 10157, at *3-5 (E.D. N.C. 1998) (citing cases).

Assuming Rule 45 applies, Charron did not object to the subpoena pursuant to Rule 45(c)(2)(B), which allows a party to object within fourteen days of the date of compliance, which would have then triggered Plaintiff's obligation to move to compel. Charron did not file a motion for a protective order or a motion to quash. Accordingly, she can have no valid objection to the substance of the subpoena or compliance with it. Significantly, because Charron is a party, Plaintiff gave her over thirty days to comply.

Accordingly, Charron must be required to comply and to be held in contempt because there is no excuse for her non-compliance. In addition, Plaintiff should be awarded fees and costs incurred in having to file this motion.

*Rule 34*

Even if only Rule 34 applied, Plaintiff's request for documents issued to Charron fits within Rule 34 in terms of form and the time given to comply. Despite this, Charron refused to produce any documents in response to virtually every request. In this lawsuit, Plaintiff has the burden of showing that Charron's reasons for firing her are pretext for age discrimination. Among other things, the documents requested are likely to lead to the discovery of admissible evidence in that regard, and are discoverable under Rule 26.

Request No. 2 – This request calls for copies of Charron's resumes from 2000 to the present. In this lawsuit, Charron's first position (it appears) as Director of Nurses was at Cherry Hill. Among other things, it is relevant what qualifications Charron has to make the performance assessments that she allegedly did of the Plaintiff. In addition, finding out where else Charron worked would enable Plaintiff to inquire if Charron had similar problems in other facilities.

Request No. 3 - This request calls for copies of Charron's job descriptions from 2000 to the present. For the reasons stated above, these documents are discoverable.

Request No. 6 – This request calls for copies of any notes Charron kept that relate to her job, scheduling on the job, or Barbara Antonucci, from 2000 to the present. Again, Charron refused to provide them. These notes might reflect, among other things, any problems Charron had on the job, any issues she had with employees, including Barbara Antonucci, and any directives she gave regarding scheduling.

Request No. 8 & 9 – This request calls for monthly, daily and weekly schedules from her current job, which at the time was at another Life Care facility, Evergreen in E. Providence. Charron was only employed at Evergreen for a limited time period. Defendant's position has been that Charron was hired at Cherry Hill to turn things around. Similarly, Charron testified

during her deposition that she was requested to go to Evergreen for some of the same reasons. These documents would reveal whether she employed the same modus operandi at Evergreen and if not, whether it was because there were younger employees. If she did the same things, was it because the employees were younger? These schedules would reveal whether Charron required her scheduler at Evergreen to do anything differently than what Plaintiff was doing (for which she was fired). This would also assist when Plaintiff takes the deposition of the scheduler from E. Providence.

Request No. 10 – This request calls for bonus documents from Evergreen. Another reason why Plaintiff was allegedly fired was because she either gave out too much bonus money or over-relied upon it. Again, this would reveal whether Charron was sanctioning bonuses that were more excessive than what Plaintiff gave out, and additionally, how her scheduler issued bonuses.

Request No. 11 - This request asks for surveys from any facility where Charron worked from 2000 to the present. Surveys record the problems nursing homes have (which includes staffing issues). Plaintiff did subpoena these documents directly from the Department of Health related to Cherry Hill. Therefore, Charron need only produce surveys from any other facility she has worked at from 2000 to the present.

III. *Conclusion.*

Accordingly, Plaintiff respectfully requests that the Charron be compelled to produce supplemental documents. Plaintiff also requests that Charron be found in contempt and be required to pay Plaintiff's fees and costs incurred in pursuing this motion.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)



**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 24th day of April 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate

# EXHIBIT A

Case 1:06-cv-00108-ML-DLM Document 38 Filed 04/24/2007 Page 8 of 24

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

Barbara Antonucci

V.

Cherry Hill Manor, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-108ML

TO: Pamela Charron

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Patricia E. Andrews, 129 Dyer St., Providence, RI | 3/9/07 9 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 2/5/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Carly B. Iafrate, Esq., 129 Dyer Street, Providence, RI 02903 (401) 421-0966

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

# EXHIBIT A

Case 1:06-cv-00108-ML-DLM Document 38 Filed 04/24/2007 Page 11 of 24

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA ANTONUCCI,
Plaintiff,

v. C.A. No. 06-108ML

CHERRY HILL MANOR, ET AL.,
Defendants.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAM CHARRON**

Plaintiff serves the following request for production of documents upon the Defendant, Pam Charron, to be responded to within thirty (30) days after the date of service.

Instructions for Answering

1. You are required, in responding to this request, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants, or attorneys.

2. Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3. Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.

5. If you object to part of any request, please furnish documents responsive to the remainder of the request.

6. Each request refers to all documents that are either known by the defendant(s) to exist or that can be located or discovered by reasonably diligent efforts of the defendant.

7. The documents produced in response to this Request shall include all attachments and enclosures.

8. The documents requested for production include those in the possession, custody or control of defendant(s), its agents, representatives or attorneys.

9. References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. All documents called for by this request or related to this request, for which the defendant(s) claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

a. The place, date, and manner of recording or otherwise preparing the document;
b. The name and title of the sender;
c. The identity of each person or persons participating in the preparation of the document;
d. The identity and title with defendants, if any, or the person or persons supplying defendants' attorneys with the information requested above;
e. The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;
f. Type of document;
g. Subject matter for which privilege or statutory authority is claimed;
h. Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for non-production.

12. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production

of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other.

13. All documents produced in response to this Request shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested.

14. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

15. With respect to any document request which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody or control of defendants and the name and address of its present custodian.

Definitions

1. "You," "your" and "yourself" refer to the party or parties to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees.

2. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, and every other type of organization or entity.

3. The word "identify" shall mean the following, as the context shall make appropriate:

a. With respect to a document, you shall set forth (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed or distributed; (d) the nature and substance of the document in sufficient particularity to enable it to be identified (e) its date and, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of the custodian or custodians.

b. With respect to an oral communication, you shall set forth: (a) the name of each person who participated in the communication; (b) the name of each person who was present at the time it was made; (c) the date and place where such oral communication was made; and (d) what each person said.

4. The term "document" or "documents" includes without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of

any type or description, regardless of origin or location, including without limitation, any e-mail, any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study, memorandum, note, list, diary, log, calendar, telex, message, questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgment, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, transcript, projection, videotape, film, microfiche and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical, each nonidentical copy as a separate document.

5. The terms "communication" or "communicate" relate to any manner by which information is conveyed from one person or entity to another person or entity including, but not limited to, meetings, telephone conversations, e-mails, fax transmissions, and documents as defined above.

6. "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

7. "Any" shall also mean "all" and vice versa.

**<u>DOCUMENT REQUESTS</u>**

1. A complete copy of your personnel file.

2. Any and all of your resumes from 2000 to the present.

3. Any and all of your job descriptions from 2000 to the present.

4. Any and all job or performance-related evaluations from any job you have held from 2000 to the present.

5. Any and all documents related to or reflecting discipline, write-ups, warnings, counselings, suspensions, or any performance or other problems you have had on any job from 2000 to the present.

6. Any and all personal notes relating to your job, scheduling on the job, or Barbara Antonucci, from 2000 to the present.

7. Any and all documents you have relating to Barbara Antonucci.

8. Copies of scheduling-related monthly schedules from your current job.

9. Copies of scheduling-related daily and weekly schedules from your current job.

10. Copies of any records related to bonuses given to workers at your current job.

11. Copies of any deficiencies or health department related problems from any facility where you have worked from 2000 to the present.

Plaintiff,
By her attorneys,

Patricia E. Andrews, #4321
Carly B. Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 5th day of February, 2007 a copy of the foregoing was hand delivered to Christopher J. Campbell, Jackson Lewis, LP, 75 Park Place, Boston, MA 02110.

EXHIBIT B

Case 1:06-cv-00108-ML-DLM Document 38 Filed 04/24/2007 Page 17 of 24

3/12

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA ANTONUCCI, Plaintiff, | : | |
| v. | : | |
| LIFE CARE CENTERS OF AMERICA, INC., PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity, Defendants. | : | C.A. No. 06-108-ML |

**DEFENDANT LIFE CARE'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS IN CONJUNCTION WITH THE DEPOSITION OF PAMELA CHARRON**

Defendant, Life Care Centers of America, Inc., ("Defendant") hereby responds to Plaintiff's Request for Production of Documents in conjunction with Plaintiff's depositions notice to Pamela Charron as follows:

**GENERAL OBJECTIONS AND DEFINITIONS**

1. As used herein, "burdensome" means the document request requires searching for information with little value or benefit to the parties, such that the value of producing the information is far outweighed by the burden of producing it. This is especially true where the Plaintiff can or already has obtained the information from other sources.

2. As used herein, "overbroad" means the document request, at least in part, seeks information that is irrelevant in subject matter and/or time period reasonably inferred from the allegations in Plaintiff's Complaint, and is not likely to lead to the discovery of admissible evidence.

3. Defendant objects to each document request insofar as it seeks documents that are protected from disclosure by the attorney/client privilege, work product doctrine, were complied in

Case 1:06-cv-00108-ML-DLM Document 38 Filed 04/24/2007 Page 18 of 24

anticipation of litigation, and/or are otherwise not subject to discovery and will not produce such documents. In the event any privileged document is produced by Defendant, its production is inadvertent and does not constitute a waiver of any privilege.

4. Defendant objects to each document request insofar as it seeks information which constitutes confidential and/or proprietary information that is not relevant to the claim or defense of any party.

5. Defendant will produce such documents as it has located after reasonable search referenced herein within a reasonable period of time and will supplement such production if further documents are located during the course of litigation.

**RESPONSES**

Subject to and incorporating by reference the foregoing general objections and definitions, Life Care responds to the individual requests as follows:

**REQUEST NO. 1**

A complete copy of your personnel file.

**RESPONSE NO. 1**

Defendant will produce a copy of the personnel file maintained by Life Care for Ms. Charron, pursuant to the Stipulation and Order of Confidentiality in this matter.

**REQUEST NO. 2**

Any and all of your resumes from 2000 to the present.

**RESPONSE NO. 2**

Defendant objects to this request on the grounds that it is overly broad and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and



Case 1:06-cv-00108-ML-DLM Document 38 Filed 04/24/2007 Page 19 of 24

without waiving its objections, Defendant refers Plaintiff to the documents produced in response to Request No. 1.

**REQUEST NO. 3**

Any and all of your job descriptions from 2000 to the present.

**RESPONSE NO. 3**

Defendant objects to this request on the grounds that it is overly broad and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant refers Plaintiff to the documents produced in response to Request No. 1.

**REQUEST NO. 4**

Any and all job or performance-related evaluation from any job you have held from 2000 to the present.

**RESPONSE NO. 4**

Defendant refers Plaintiff to the documents produced in response to Request No. 1.

**REQUEST NO. 5**

Any and all documents related to or reflecting discipline, write-ups, warnings, counselings, suspensions, or any performance or other problems you have had on any job from 2000 to the present.

**RESPONSE NO. 5**

Defendant refers Plaintiff to the documents produced in response to Request No. 1.

**REQUEST NO. 6**

Any and all personal notes relating to your job, scheduling on the job, or Barbara Antonucci, from 2000 to the present.

**RESPONSE NO. 6**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant states that she is not in possession of any documents which relate to Plaintiff.

**REQUEST NO. 7**

Any and all documents you have relating to Barbara Antonucci.

**RESPONSE NO. 7**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad and seeks documents not designed to lead to the discovery of information that would be admissible at trial. Subject to and without waiving its objections, Defendant states that she is not in possession of any documents which relate to Plaintiff.

**REQUEST NO. 8**

Copies of scheduling-related monthly schedules from your current job.

**RESPONSE NO. 8**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial, especially given that Plaintiff never worked at Evergreen House. Subject to and without waiving its objections, Defendant would be willing to discuss providing a representative selection of monthly schedules from Evergreen House o the extent that such documents were retained.

**REQUEST NO. 9**

Copies of scheduling-related daily and weekly schedules from your current job.

**RESPONSE NO. 9**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial, especially given that Plaintiff never worked at Evergreen House. Subject to and without waiving its objections, Defendant would be willing to discuss providing a representative selection of daily schedules from Evergreen House.

**REQUEST NO. 10**

Copies of any records related to bonuses given to workers at your current job.

**RESPONSE NO. 10**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial, especially given that Plaintiff never worked at Evergreen House. Subject to and without waiving its objections, Defendant would be willing to discuss providing a representative selection of weekly extra-shift bonus amounts paid to employees at Evergreen House.

**REQUEST NO. 11**

Copies of any deficiencies or health department related problems from any facility where you have worked from 2000 to the present.

**RESPONSE NO. 11**

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents not designed to lead to the discovery of information that would be admissible at trial, especially given that Plaintiff never worked at Evergreen House and Plaintiff was not involved in direct care of residents. Defendant further objects to this request as duplicative, give that such documents have already been subpoenaed by Plaintiff directly from the regulatory agency responsible for conducting annual surveys.

Respectfully submitted,

LIFE CARE CENTERS, INC.,
By its attorneys,

Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

Date: March 12, 2007

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 12th day of March, 2007 a copy of the foregoing document was served upon Plaintiff's counsel, Patricia E. Andrews, Esquire and Carly Beauvais Iafrate, Esquire, 129 Dyer Street, Providence, RI 02903 via first class U.S. mail, postage pre-paid.

Christopher J. Campbell, R.I. Bar No. 6611