**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BARBARA ANTONUCCI,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 06-108ML** |
| **LIFE CARE CENTERS OF AMERICA, et al.,** | : | |
| **Defendants.** | : | |

**MOTION TO EXTEND DISCOVERY PERIOD (OR IN THE ALTERNATIVE) MOTION TO TAKE DEPOSITIONS AFTER MAY 7, 2007**

Now comes the Plaintiff, Barbara Antonucci ("Plaintiff"), and hereby moves for an extension of time within which to complete discovery. In support of this motion, the Plaintiff states that the discovery period is presently scheduled to close on May 7, 2007. Plaintiff has diligently conducted discovery in this age-discrimination case. Plaintiff issued written discovery to Defendants in October 2006, did not receive responses until December 2006, and was forced to file motions to compel before receiving supplemental discovery pursuant to Court order in early April. At present, the Plaintiff has taken three depositions. However, there are still approximately five depositions remaining.[1] After receiving the supplemental discovery, Plaintiff attempted to schedule the remaining depositions with the Defendants.[2] However, due to

1 This does not include the continued deposition of Pam Charron, which is the subject of a motion pending before the Court or Defendants' request to have additional time to depose Plaintiff's physicians, which is the subject of another motion pending before the Court.

2 Plaintiff has issued notices of deposition for some witnesses multiple times. Since the inception of the case, Defense counsel has taken the position that he will only produce witnesses on one occasion, for seven hours consistent with the rule, even if there are outstanding relevant documents. This makes it difficult, for example, because Plaintiff

Defendants schedule (and the availability of witnesses that Defendants' control), Defendants would only agree to schedule three of the five depositions before May 7. Plaintiff then asked if Defendants would agree that any depositions properly noticed before May 7 could be scheduled within one week of discovery closure. Defendants refused.

In addition, there are currently four discovery-related motions pending before the Court (and more are anticipated). An additional period of time will enable the parties to finish up the remaining discovery disputes, obtain any remaining documents and/or answers to interrogatories and finish the depositions with that information.

To date, the parties have requested only two previous extensions, both of which conservatively requested only thirty days each. Accordingly, Plaintiff requests an additional two months, up to and including, Friday, July 6, 2007. As a result, the new date for dispositive motions would be July 20, 2007, and pre-trial memoranda would be due within 30 days of a decision on the dispositive motion (or within 30 days of the close of discovery if no dispositive motion is filed – August 6, 2007).

In the alternative, if the Court does not grant additional time for discovery, Plaintiff requests that she be allowed to take depositions after May 7, of witnesses whose depositions have been noticed before the close of discovery.

---

was forced to take some depositions without having all the documents, and was forced to wait to take other witnesses depositions until after motions to compel and supplemental discovery was produced.

Plaintiff,
By her Attorneys,

/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATION**

The undersigned hereby certifies that this document has been filed electronically on this 26th day of April 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
cambpelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate