UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA ANTONUCCI,<br>Plaintiff,<br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC.,<br>PAMELA CHARRON, in her personal and official capacity, and<br>STEVE HAASE, in his personal and official capacity,<br>Defendants. | : | C.A. No. 06-108-ML |

**DEFENDANT, LIFE CARE CENTER'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE FURTHER DEPOSITION PURSUANT TO RULES 26 AND 30 AND MOTION FOR CONSOLIDATED DISCOVERY HEARING**

Defendant, Life Care Centers of America, Inc. ("Defendant") submits the following memorandum in support of its opposition to Plaintiff's Motion For Leave To Take Further Deposition Pursuant To Rules 26 And 30, and to request that the Court consolidate the hearing on this motion with Plaintiff's other two pending discovery motions. Defendant's respective oppositions to the other two motions (Documents 38 and 39) are due to filed on May 11 and May 14, 2007.

As set forth below, Plaintiff's motion should be denied because Plaintiff has already deposed Ms. Charron extensively regarding the circumstances of Plaintiff's discipline and discharge, and Plaintiff's motion fails to identify any specific area of inquiry for which additional time is needed. Moreover, even accepting *arguendo* that Plaintiff has additional areas of inquiry she seeks to undertake, any failure to cover those areas is due to the actions of Plaintiff's counsel at deposition. For these same reasons, Plaintiff has failed to show "good cause" for exceeding the limitations set forth under Rule 30, especially given that Defendant has conducted its deposition of Plaintiff within the limitations of Rule 30. Accordingly, Plaintiff's motion should be denied.

## I. Introduction and Summary Of Case

This case is a straight-forward discharge claim in which a Staffing Coordinator for a nursing home was discharged after being repeatedly warned by her supervisor, Defendant Pamela Charron, that the manner in which she was performing her job was not acceptable and needed to change. For two months, Plaintiff clashed with Ms. Charron – debating what parts of the scheduling work Plaintiff would agree to do, or how many times Plaintiff would call staff to pick up open shifts. Prior to her discharge, Plaintiff was explicitly warned that, if she continued to refuse directives from the Director of Nursing or otherwise failed to improve her performance, that she would be discharged. Plaintiff was ultimately discharged after a final incident involving Plaintiff's work on a weekend schedule (October 2-3, 2004), and Plaintiff was discharged on October 4, 2004.

## II. Argument

### A. Plaintiff Has Already Inquired Into The Relevant Subject Matters Of Which Ms. Charron Has Knowledge

In the course of a day-long deposition on April 11, 2007, Plaintiff deposed Ms. Charron regarding all subjects that are arguably relevant to the straightforward litigation at issue in this case. For instance, Ms. Charron testified as to her background, education, qualifications and employment history. Ms. Charron further testified as to her work history with Defendant. Ms. Charron also testified concerning her duties and responsibilities as Director of Nurses, including her supervision of Plaintiff for a sixty-day period.

Most importantly, Ms. Charron testified as to the particular events which led to Plaintiff's discharge, including the oral warnings, the written warning on August 23, 2004, and the event precipitating Ms. Charron's decision – *i.e.*, Plaintiff's last minute presentation of a weekend

schedule, on Friday October 1, 2004, which contained a substantial number of vacancies.[1] Given that Ms. Charron has provided clear testimony on each of the foregoing subjects, she should not be required to provide additional testimony.

Indeed, Plaintiff's memorandum in support of her motion to compel makes it clear that there is no basis for allowing the continuation of Ms. Charron's deposition. Rather than demonstrate a need to recall Ms. Charron, Plaintiff has failed to identify a single area of inquiry not yet covered at deposition. Instead, Plaintiff is content to rely on her conclusory assertion that "Plaintiff has not yet [had a full and fair opportunity to inquire into all the issues]."[2] Plaintiff's bald assertion provides no insight as to what areas remain unaddressed. At a minimum, Plaintiff should be required to make some threshold showing as to subject(s) that have yet to be addressed by Ms. Charron.

Finally, Ms. Charron is a single parent. She ceased working for Defendant in or about early April 2007, and has recently begun a new position to support her family. Requiring Ms. Charron to take time off from her new position will be burdensome and create a hardship for her. Given Plaintiff's failure to identify any outstanding area of inquiry, having Ms. Charron return to continue with the deposition is unwarranted.

---

[1] Defendant has also detailed the events precipitating Plaintiff's discharge in extensive substantive responses to Plaintiff's interrogatories, signed by Ms. Charron.

[2] As Plaintiff's motion to compel indicates, the parties have not yet received the transcript of Ms. Charron's deposition. Accordingly, to the extent that Plaintiff claims to have a need to explore additional areas of inquiry, Defendant request that the Court stay any decision on this motion until after the parties have had an opportunity to substantiate their respective positions.

### B. Any Failure To Complete Areas Of Inquiry Are A Result Of Plaintiff's Decisions And Actions During The Deposition

In addition to the fact that Plaintiff has already covered all relevant areas, any failure of Plaintiff to make further inquiry into particular matters is attributable to Plaintiff's counsel's actions at the deposition of Ms. Charron.

At the outset, Plaintiff had more than adequate time to conduct the deposition between 10:00 a.m. and its conclusion at 5:30 p.m. For instance, Ms. Charron and Defendant's counsel arrived together at Plaintiff's counsel's office for the deposition at approximately 9:55 a.m. on April 11, but neither the court reporter scheduled by Plaintiff nor Plaintiff's attorney was present. Defendant's counsel and Ms. Charron left briefly to get "take-out" coffee from a nearby café, and returned to Plaintiff's counsel's office shortly after 10:00 a.m. Thereafter, within five to ten minutes, Plaintiff's counsel, Patricia Andrews, entered the deposition room to commence the deposition. Within a short time after commencing the deposition, Plaintiff's counsel began shouting, and Defendant's counsel took a brief recess – 5 to 10 minutes – and requested that Plaintiff's counsel stop shouting. After resuming the deposition, Plaintiff's counsel then interrupted the deposition – purporting to need to seek this Court's intervention to address a brief objection stated by Defendant's counsel.[3]

At approximately noon, the parties discussed an appropriate time for a lunch break. When the agreed-upon time arrived, however, Plaintiff's counsel refused to stop questioning Ms.

---

[3] As the transcript of Ms. Charron's deposition will indicate, the objection raised was entirely appropriate and did not cause any disruption in the deposition. In addition, Defendant's counsel's objection was no more intrusive than the objections raised throughout Plaintiff's deposition.

Charron. Defendant's counsel attempted to discuss the matter with Plaintiff's counsel to accommodate any brief extension of the previously agreed-upon time for lunch, but Plaintiff's counsel refused. Plaintiff's counsel also refused to discuss how long a lunch break would be appropriate – indicating that she was unsure that she would even continue the deposition after the lunch break. In any event, Defendant's counsel and Ms. Charron returned from lunch in approximately 40 minutes. Plaintiff's counsel, however, did not resume the deposition until approximately 15 minutes after Defendant's counsel and Ms. Charron had returned.

In addition to the lack of urgency displayed by Plaintiff' counsel, Plaintiff's counsel spent an inordinate amount of time on subjects that bore tangential relevance to the issue in this case, at best. For instance, Plaintiff's counsel spent a substantial amount of time reviewing Ms. Charron's prior employment history. Plaintiff's counsel also reviewed various reports from the Rhode Island Department of Health regarding clinical issues – subjects which bear no relation to Plaintiff, her work performance, or her discharge from employment. In addition, Plaintiff's counsel asked numerous rhetorical and/or argumentative questions, and she asked the same or substantially similar questions several times over. See MacPherson v. Hiscock & Barclay, 1995 U.S. Dist. LEXIS 19289 (N.D. N.Y. 1995) (affirming discontinuation of deposition where questions were, *inter alia*, needlessly repetitious and argumentative). During the final part of Ms. Charron's deposition – at approximately 5:30 p.m. – Plaintiff's counsel was in the course of having Ms. Charron review Life Care's position statement, line by line, and to inquire as to whether Ms. Charron agreed or disagreed with particular sentences. Significantly, the position statement had not been prepared by or signed by Ms. Charron, and had not been reviewed by Ms. Charron prior to being given a copy by Plaintiff at the deposition.

In sum, Plaintiff's request to resume the deposition of Ms. Charron should be denied, because Plaintiff has identified no reasonable justification for imposing the additional burden on Ms. Charron.[4]

**C. <u>Plaintiff's Request To Exceed The Time Allotted Under Rule 30 Should Be Denied, Because No Prior Arrangements Were Made, And Because Defendant Has Complied With The Applicable Rules Of Procedure</u>**

In addition to seeking to reconvene the deposition of Ms. Charron, Plaintiff has requested an additional period of time – beyond that allowed by Fed. R. Civ. P. 30(d)(2). At the outset, it is undisputed that there was no agreement by the parties to exceed seven hours, and Plaintiff sought no prior court authorization. Indeed, as Plaintiff's Motion concedes, Defendant has consistently taken the position that all depositions in the case should be conducted in accordance with Rule 30. As a result, when Plaintiff's counsel made the strategic decisions described in part (B) above, she was well aware of the time limitations of Rule 30.

As set forth in the Advisory Committee Notes to the 2000 Amendments to Rule 30, "paragraph (2) imposes a presumptive durational limitation [of seven hours]" based on reported concerns that "overlong depositions can result in undue costs and delays in some situations" and that a party seeking to exceed the Rule 30 limitations "is expected to show good cause." For the same reasons that Plaintiff's request to reconvene Ms. Charron's deposition should be denied, Plaintiff's request to exceed the limitations of Rule 30 should also be denied because Plaintiff has failed to show any good cause to for her request. Moreover, given that Defendant has

---

[4] In addition, while Plaintiff's motion indicates that there is an hour and a half remaining, Defendant believes that the total time remaining is less. Accordingly, Defendant requests that it be provided an opportunity to review the transcript, once it is received, to make a determination as to the actual time that the deposition took.

conducted its deposition in accordance with the limitations under Rule 30, Plaintiff should be held to the same standard.[5]

**D. <u>Defendant Requests That The Court Consolidate The Hearing On This Motion With Plaintiff's Other Two Outstanding Motions To Compel</u>**

Plaintiff currently has two other motions to compel pending before this Court. (Document Nos. 38 and 39). Defendant's respective oppositions to these motions are due on May 11 and May 14, 2007. In order to reduce the burden of these motions on the Court and the parties, Defendant requests that the Court consolidate the hearing on all three of Plaintiff's motions, and that the consolidated hearing be scheduled at a point in time after receiving Defendant's oppositions. This brief delay will not result in any prejudice to the parties. In addition, the parties will have an opportunity to review Ms. Charron's deposition transcript in order to respond to any questions that the Court may have regarding the subject matter, conduct, or length of the deposition on April 11, 2007. This will also allow the parties an opportunity to attempt to reach a global resolution on all outstanding discovery matters.

[5] In her motion, Plaintiff cites the fact that her own deposition occurred over the course of two days. This was necessitated by the fact that, at approximately 2:55 p.m. on the day of Plaintiff's deposition, Plaintiff's counsel unilaterally announced that Plaintiff would be leaving at 3:00 p.m., requiring Defendant's counsel to bear the expense of reconvening Plaintiff's deposition on a second day. In any event, the total time for Plaintiff's deposition was *less* than the seven hours allowed under Rule 30.

WHEREFOR, for the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion to compel the continuation of the deposition of Ms. Charron. Defendant also respectfully requests that the Court consolidate the hearing on this motion with Plaintiff's other two pending motions (Documents 38 and 39) on a date after Defendant's respective oppositions are due.

Respectfully submitted,
LIFE CARE CENTERS, INC.,
By its attorneys,

/s/ Christopher J. Campbell
Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

May 3, 2007

**CERTIFICATE OF SERVICE**

This is to certify that on May 3, 2007, a copy of the above document was electronically filed with the United States District Court for the District of Rhode Island through its Electronic Case Filing System.

/s/ Christopher J. Campbell
Jackson Lewis LLP