UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA ANTONUCCI, Plaintiff, v. LIFE CARE CENTERS OF AMERICA, INC., PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity, Defendants. | C.A. No. 06-108-ML |

**DEFENDANTS' MOTION TO SUBMIT BRIEF REPLY MEMORANDUM TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO PRECLUDE TESTIMONY BY PLAINTIFF'S EXPERT WITNESSES**

Defendants, Life Care Centers of America, Inc. ("Life Care") and Pamela Charron and Steve Haase, (collectively "Defendants"), hereby request leave of the Court to submit a brief reply memorandum to Plaintiff's Objection To Defendants' Motion To Preclude Testimony By Plaintiff's Expert Witnesses. As grounds for their motion, Defendants state that their brief reply memorandum will be of assistance to the Court in deciding the underlying motion. For the Court's convenience, a copy of Defendants' proposed Reply Memorandum To Plaintiff's Objection to Defendants' Motion To Preclude Testimony By Plaintiff's Expert Witnesses is attached hereto as Exhibit A. Should the Court grant this motion, Defendants will file the Reply brief forthwith.

Respectfully submitted,
LIFE CARE CENTERS, INC., ET AL
By their attorneys,

/s/ Christopher J. Campbell
Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

DATE: May 8, 2007

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 8th day of May 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Patricia E. Andrews, Esquire
peandrews@verizon.net

and

Carly B. Iafrate, Esquire
ciafrate@verizon.net

/s/ Christopher J. Campbell
Jackson Lewis LLP

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BARBARA ANTONUCCI,
Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC., PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

C.A. No. 06-108-ML

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO PRECLUDE TESTIMONY BY PLAINTIFF'S EXPERT WITNESSES**

Plaintiff requests that this Court allow her to present a position which is factually inconsistent with the position that she previously advanced before the Rhode Island Department of Labor in connection with her request for Temporary Disability Insurance ("TDI") benefits (i.e. that her claimed mental injuries were not work-related). Plaintiff derived a benefit from the previous factual position and has asserted a directly inconsistent factual position in the instant litigation (i.e. that her claimed mental injuries were work-related). It is precisely this type of situation that the doctrine of judicial estoppel is designed to prevent. The Cadle Co. v. Schlictmann, Conway, Crowley & Hugo, 338 F.3d 19, 22 (1st Cir. 2003) (judicial estoppel is a doctrine that "precludes a party from asserting a position contrary to a position it has already asserted.") In sum, Plaintiff's opposition to this motion makes it clear that each element of the doctrine of judicial estoppel has been met. In addition, Plaintiff's claim that an employee with a workplace injury can elect to receive TDI benefits is directly contradicted by the statute and the Rhode Island Department of Labor.

### A. Plaintiff's Opposition Fails To Raise Any Doubts That The Elements Of Judicial Estoppel Are Present

Plaintiff has failed to identify which of the elements of judicial estoppel are not present.

For instance, Plaintiff has clearly asserted directly inconsistent factual positions in two different forums. Rather than provide this Court with an explanation to resolve her clearly contradictory statements, Plaintiff is content to rest on assertions that she "may have made a mistake" or misunderstood the process. See Document No. 41, p.4, n.3, pp. 6-7. Plaintiff's conjectures fall far short of adequately explaining the manifest inconsistencies in her two factual assertions. See Cleveland v. Policy Mgmt. Systems Corp., 526 U.S. 795, 806 (1999) (holding that a plaintiff asserting inconsistencies between her claims for Social Security Disability Insurance ("SSDI") and her claims under the Americans with Disabilities Act ("ADA") "cannot simply ignore the apparent contradiction that arises outs of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation).

In addition, Plaintiff clearly admitted that she understood that TDI was for injuries that were not work-related. (Pl. Tr. 242, attached to Document 33 as Exhibit B) – obviating any possible argument that she "misunderstood" the process. While Plaintiff also claims that the explanation may come from a deposition of Dr. Leon, this hypothetical explanation is similarly misguided. Dr. Leon's assertions supporting Plaintiff's application for TDI benefits make it clear that he also has determined that Plaintiff's alleged injury was not work-related. A copy of Dr. Leon's report is attached to Defendant's motion (Document 33) as Exhibit A. In sum, Plaintiff has position in the instant litigation that is directly contradictory to the position she previously asserted in another forum.

As to the second element of judicial estoppel, there is no dispute that Plaintiff derived a benefit as a result of her factual representation in the first forum (i.e. the TDI program). Similarly, there is no dispute that Plaintiff is attempting to assert a contrary factual position to receive benefits in the second forum (i.e. her instant claim for alleged psychological injury resulting from workplace events). Because these essential facts are undisputed, this Court should preclude any testimony by Plaintiff's expert witnesses on the grounds of futility.

**B. Plaintiff's Claim That An Employee With A Workplace Injury Can Elect To Receive TDI Benefits Is Not Supported**

Rather than address the clear factual dichotomy at issue, Plaintiff makes the conclusory and unsupported claim that TDI benefits may be awarded even where an injury is work-related. See Document No. 41, p.4. Not only is Plaintiff's assertion irrelevant to the central question of whether Plaintiff is "playing fast and loose" with the Court, the statute plainly states that TDI is not available for an injury that is payable under Workers' Compensation (i.e. that it was as a result of workplace events). See R.I. Gen. Laws § 28-41-6 (TDI benefits not available where benefits are "paid or payable to such individual under any workman's compensation law").

Pursuant to the Workers' Compensation statute, R.I. Gen. Laws § 28-33-1, an employee is entitled to compensation, "if an employee . . . receives a personal injury arising out of and in the course of his or her employment, connected and referable to the employment. . . ." Accordingly, if an injury is a result of workplace events – as Plaintiff now suggests her alleged psychological injuries are – it would be a claim "payable" under the Workers Compensation statute. As a result, it would be excluded from the type of injury recoverable under TDI. R.I. Gen. Laws § 28-41-6

This section of the Rhode Island TDI law, which eliminated dual payments under TDI and Workers' Compensation, was enacted in 1969. See 1969 RI Session Laws, c. 153 (attached hereto as Exhibit A). At the time, the Rhode Island TDI trust fund had experienced a 10-year trend of an ever accelerating deficit. This change in Rhode Island law was one of the statutory changes credited with reversing this trend for the time period of 1969-1970. See Report of the Commission to Study "Temporary" Disability Insurance Fund, Castro, William A., Providence, RI 1971. Given the clear statutory language and legislative history, Plaintiff's claim – that an employee with a workplace injury may choose to seek TDI instead of Workers' Compensation – is simply not supported.[1]

Respectfully submitted,
LIFE CARE CENTERS, INC., ET AL
By its attorneys,

/s/ Christopher J. Campbell
Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

Dated: _________ , 2007

[1] In addition, the Rhode Island Department of Labor TDI website indicates that if an injury is work-related, an employee "**must** file a claim for worker's compensation benefits." (emphasis added) A copy of a printout from the Department of Labor's website is attached hereto as Exhibit B.

# EXHIBIT A

Same.

widow of such employee upon whom there is dependent one (1) child or more of the deceased employee including an adopted child or stepchild under the age of eighteen (18) years or over said age but physically or mentally incapacitated from earning, the employer shall pay such widow the weekly rate for total incapacity the deceased employee would have been entitled to receive under the provisions of 28-33-17 but not to exceed thirty-two thousand five hundred ($32,500.00) dollars plus six ($6.00) dollars per week for each such dependent child. Upon the remarriage or death of any such widow or if there be no widow then upon the death of the injured employee the compensation payable under this chapter shall thereafter be paid to such dependent child or children of the injured employee and in case there is more than one (1) child the compensation shall be divided equally among them and such compensation shall be not more than the weekly rate for total incapacity due the injured employee under the provisions of 28-33-17 for such dependent child plus six ($6.00) dollars for each such additional dependent child. If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury or death, the employer shall pay such dependent for a period of five hundred (500) weeks from the date of the injury or death, whichever is greater in number, a weekly compensation equal to the amount of the average weekly contribution by the employee to such partial dependents, not exceeding the weekly payments herein provided for the benefit of persons wholly dependent. When weekly payments have been made to an injured employee before his death, the compensation



to dependents shall begin from the date of the last of such payments, but shall not continue more than five hundred (500) weeks from the date of the injury; and provided, further, that if the deceased leaves no dependents at the time of the injury or death, the employer shall not be liable to pay compensation under chapters 29 to 38, inclusive, of this title except as specifically provided in 28-33-16.

Except in the case of a dependent child physically or mentally incapacitated from earning, dependency benefits for each child shall terminate when such dependent child attains his or her eighteenth (18) birthday.

Benefits cease upon widow's remarriage.

When a widow without dependent children remarries, benefits payable under this section shall cease on the date of the remarriage."

Act effective, when.

**Sec. 2.** This act shall take effect September 1, 1969.

---

## CHAPTER 153.

H 1683 A Approved May 14, 1969.

**AN ACT Eliminating Dual Payment Provisions of the Temporary Disability and Workmen's Compensation Act and in Amendment of Section 28-41-6 of the General Laws in Chapter 28-41 Entitled, "Temporary Disability Insurance—Benefits" as Amended.**

**It is enacted by the General Assembly as follows:**

**Section 1.** Section 28-41-6 of the general laws, as amended, in chapter 28-41 entitled, "Temporary disability insurance—Benefits", as amended, is hereby further amended to read as follows:

Dual payments under T.D.I. and workmen's compensation eliminated.

"28-41-6 **Effect on waiting period credit and benefits of receipt of workmen's compensation payments.**—(1) No individual shall be entitled to receive waiting period credit benefits or dependents' allowances for any week beginning on or after September 7, 1969, with respect to which benefits are paid or payable to such individual under any workmen's compensation law of this state, any other state, or the federal government, on account of any disability caused by accident or illness. In the event that workmen's compensation benefits are subsequently awarded to an individual, whether on a weekly basis or as a lump sum, for a week or weeks with respect to which such individual has received waiting period credit, benefits or dependents' allowances, under chapters 28-39 through 28-41, both inclusive, of this act, the director, for the Rhode Island temporary disability insurance fund, shall be subrogated to such individual's rights in such award to the extent of the amount of benefits and/or dependents' allowances paid to him under this act.

(2) Whenever an employer or his insurance carrier has been notified that an individual has filed a claim for unemployment due to sickness for any week or weeks under the provisions of the temporary disability insurance act for which week or weeks such individual is or may be eligible for benefits under the workmen's compensation act, such notice shall constitute a lien upon any pending award, order or settlement to such individual under the said workmen's compensation act.

The said employer or his insurance carrier shall be required to reimburse the director for the temporary disability insurance fund the amount of benefits and/or



dependents' allowances received by the individual under chapters 28-39 through 28-41, both inclusive of this title, for any week or weeks for which such award, order or settlement is made.

Same.

(3) Whenever an individual becomes entitled to or is awarded workmen's compensation benefits for the same week or weeks with respect to which he has received benefits and/or dependents' allowances under chapters 28-39 through 28-41, both inclusive, of this title, and notice of such receipt has been given to the division of workmen's compensation of the department of labor of this state and/or the workmen's compensation commission, such division or commission is hereby required to and shall incorporate in such award, order, or approval of settlement, an order requiring the employer or his insurance carrier to reimburse the director for the Rhode Island temporary disability insurance fund the amount of any disability benefits and/or dependents' allowances which may have been paid to such employee for unemployment due to sickness for such weeks under chapters 28-39 through 28-41, both inclusive, of this title.

(4) In the event that, through inadvertence, error or mistake, an individual shall have received benefit payments and/or dependents' allowances for any week or weeks under the temporary disability insurance act, and has also received payments for the same week or weeks under any workmen's compensation law of this state, any other state or of the federal government, he shall, in the discretion of the director of the department of employment security, be liable to have such sum deducted from any benefits payable to him

Same.

under chapters 39 through 41, both inclusive of this title, or shall be liable to repay to the director for the temporary disability insurance fund, a sum equal to the amount so received, and such sum shall be collectible in the manner provided in section 28-40-12 for the collection of past due contributions.

(5) Notwithstanding any other provision of this section, no individual who, prior to September 1, 1969, has sustained an injury by reason of which he may be eligible for benefits under the workmen's compensation act, shall be deprived of any rights which he may have under chapters 28-39 through 28-41, both inclusive, of this title."

Act effective, when.

**Sec. 2.** This act shall take effect on September 7, 1969 and all acts and parts of acts inconsistent herewith are hereby repealed.

---

CHAPTER 154.

H 1892 Approved May 14, 1969.

**AN ACT Providing for Presidential Preference Primaries, and in Amendment of and in Addition to Title 17 of the General Laws, Entitled "Elections," as Amended.**

**It is enacted by the General Assembly** as follows:

**Section 1.** Title 17 of the general laws, entitled, "Elections," as amended, is hereby further amended by adding thereto the following chapter:



"CHAPTER 12.1

**Primaries for Election of Delegates to National Conventions and for Presidential Preference.**

Date of primaries for election of delegates to national conventions.

"**17-12.1-1. Date of primaries for election of delegates to national conventions.**—A primary election for the election of delegates to the national convention for each political party shall be held in the manner hereinafter provided, on the second Tuesday in March, 1972, and every fourth year thereafter.

Number of delegates to be elected.

"**17-12.1-2. Number of delegates to be elected.**—At each such primary there shall be elected such number of delegates and alternates as shall be determined by the national committee of such party and as certified to the secretary of state not later than fifty days preceding the primary by the state committee of such party. The candidates shall be elected at large.

Declaration of candidacy.

"**17-12.1-3. Declaration of candidacy.**—During the last 10 days in January (Saturdays, Sundays and holidays excluded) preceding a primary for election of delegates to a national convention, each voter desiring to be a delegate at the forthcoming convention shall, on such form as shall be provided by the secretary of state, sign his name as the same appears on the voting list and file not later than 4:30 P.M. of the date of filing with the secretary of state, a declaration of candidacy which shall include the following information:

1. His name as the same appears on the voting list, party designation, place and date of birth, present address and length of residence in the state and in the town or city where he resides.

# EXHIBIT B

Rhode Island Department of Labor & Training

# Temporary Disability Insurance



*Providing support for individuals out of work due to non-work related illness or injury*



## Frequently Asked Questions

When and How can I apply for TDI Benefits?

Who can I call if I have questions about my claim?

What is my Claim Number...What is my PIN?

What are the **medical requirements** for TDI?

What are the **earnings requirements** for TDI?

What is the base period?

What is an alternate base period?

When does my claim begin?

When will I get my first check?

Why didn't I receive a check for the first week I was on TDI?

If I file another claim, do I have to serve another waiting period?

Can I work Part Time and Receive TDI?

What if my QHP requires my Authorization to Release Medical Information?

I have been granted family medical leave status from my employer in order to take care of a sick relative can I apply for TDI and receive TDI benefits?

How much will I receive?How much will I rece for dependency allowance?

Why is my TDI check less than my Full Benefi Amount?

How long can I collect TDI? What is my Disability is Long-Term?

May I be paid by my employer and still receiv TDI?

Can I collect TDI and Unemployment Insuran for the same period of time?

I'm pregnant. Can I collect TDI?

I filed for Workers' Compensation. Can I get TDI too?

I don't agree with a TDI decision regarding m claim. What can I do?

I've recovered but have no job. What can I d

Who pays for TDI?

Are TDI benefits taxable?......Are TDI withholdings deductible?

Can My TDI Benefits be Directly Deposited to my Bank Account?

**What is the Claims Management Unit?**

## WHEN AND HOW CAN I APPLY FOR TDI BENEFITS?

You can complete an application on-line at www.dlt.ri.gov/tdi. Or, you can call (401) 462-8420 and choose option 1. An application bar-coded with your personal information will be mailed to you. If y become ill or injured and an examination by a healthcare provider indicates that you cannot work fc at least 7 consecutive days, your claim should be filed as soon as possible to avoid jeopardizing or delaying your first payment.

top of pa

## WHO CAN I CALL IF I HAVE QUESTIONS ABOUT MY CLAIM?

You can call (401) 462-8420 and get up-to date claims information from our voice response system If you call between 8 AM and 3:50 PM Monday- Thursday and between 9 AM and 3:50 PM on Friday you can speak to a customer service representative. You must provide your entire claim and persor identification (PIN) numbers when you call.

top of pa

## What is my Claim Number...What is My PIN

Your claim number is your 9 digit social security number (SSN) plus the 3 or 4 digits following it, which signify your benefit year ending date and record number. For security purposes only the last digits of your SSN plus the digits following it are included on forms we send to you.

Your PIN is on the Notice of Claim Received that is sent to you when your application is received in TDI.

top of pa

## WHAT ARE THE MEDICAL REQUIREMENTS FOR TDI?

To be medically eligible for TDI benefits, a Qualified Healthcare Provider (QHP) must certify that yo are unable to work for at least 7 consecutive days. Midwives, Nurse Practitioners, Physicians, Physician Assistants and Psychiatric Clinical Nurse Specialists are Qualified Healthcare Providers. Yo QHP will tell us the length of time he/she expects you to be unable to work.

For your eligibility to begin the first week you were disabled, you must be examined that week, the week before or the week after, your disability began. You may be asked to make an appointment w an impartial medical examiner if we believe an exam is necessary. Your benefits will be stopped if y do not make or keep the appointment.

top of pa

## WHAT ARE THE EARNINGS REQUIREMENTS FOR TDI?

To be eligible for TDI benefits, you must have been paid at least $8,880 in either your Base Period an Alternate Base Period (both are explained in the following sections). If you did not earn this amount, you may be eligible if you meet all of the following conditions:

1. You earned at least $1,480 in one of your base period quarters,
2. Your total base period wages are at least one and one-half times your highest quarter of earning
3. Your base period wages equal at least $2,960.

top of pa

## WHAT IS THE BASE PERIOD?

The base period is the period of time we use to determine if you have sufficient wages to be eligible The base period is the first four of the last five completed calendar quarters before the starting date of your new claim. The calendar quarters are: Jan 1-March 31; April 1-June 30; July 1-Sept 30; and Oct 1-Dec 31. Once a quarter's wages are used to establish a claim, they cannot be used again on a later claim.

top of pa

## WHAT IS AN ALTERNATE BASE PERIOD?

If you are not eligible using your base period earnings, we will recompute your claim using an alternate base period. The alternate base period is the last four completed calendar quarters before the starting date of your claim. While you must still meet the same earnings requirements, this allo some of your more recent wages to be used.

top of pa

## WHEN DOES MY CLAIM BEGIN?

Your claim begins with the Sunday of the week in which you became unable to work. This begins yo Benefit Year. The Benefit Year is a 52 week period. Any additional claims (refiles) you submit during this period will have the same benefit year.

top of pa

## WHEN WILL I GET MY FIRST CHECK?

Most eligible customers get their first check within 3-4 weeks from the day we receive their application. Missing, or wrong information may delay payment. Prompt responses from your QHP ar needed to process your claim.

top of pa

## WHY DIDN'T I RECEIVE A CHECK FOR THE FIRST WEEK I WAS ON TDI?

You must serve a Waiting Period of 7 consecutive days at the start of your new claim. If your disability lasts 28 days or more, you will be paid for the waiting period. If you become eligible for TI while you are in receipt of unemployment insurance (UI) you will not have to serve a waiting perioc on TDI.

top of pa

## IF I FILE ANOTHER CLAIM, DO I HAVE TO SERVE ANOTHER WAITING PERIOD?

You must serve a 7-day Waiting Period only once during each benefit year. You must still be disable for at least 7 days before benefits can be paid on a second claim in the same benefit year.

top of pa

## HOW MUCH WILL I RECEIVE? HOW MUCH WILL I RECEIVE FOR DEPENDENCY ALLOWANCE?

Your weekly benefit rate will be equal to 4.62% of the wages paid to you in the highest quarter of your Base Period. Your weekly benefit rate remains the same throughout your benefit year. Effectiv 7/1/06, $69.00 is the minimum and $625.00 is the maximum benefit rate. This does not include

dependency allowance.

If you have dependent children less than 18 years of age you may be entitled to a dependency allowance. Handicapped children over 18 may also qualify for the allowance. The dependency allowance is limited to 5 dependents and is equal to the greater of $10 or 7% of your benefit rate. Your dependency allowance is determined at the start of your benefit year and remains the same fc the entire period.

top of pa

## WHY IS MY TDI CHECK LESS THAN MY FULL BENEFIT AMOUNT?

If you become disabled or return to work in the middle of a week, you may be paid a lag payment. The lag payment would be 1/5 of your benefit rate for each workday you missed.

top of pa

## HOW LONG CAN I COLLECT TDI? WHAT IF MY DISABILITY IS LONG-TERM?

The duration of your claim is equal to 36% of your total base period wages divided by your weekly benefit rate (not including dependent's allowance. The most you are allowed to collect is an amount equal to 30 full weeks. You may claim these weeks any time you are medically certified as unable t work during your benefit year.

You should consider filing for Social Security disability if your condition is expected to last at least a year. You don't have to wait until your Temporary Disability payments end to apply for Social Secur disability. The application process can take up to 6 months so filing an application early is importan Social Security can start paying disability benefits after you have been disabled for 5 full months. Please visit social security's website at www.socialsecurity.gov for more information or contact Soci Security at 1-800-772-1213 or call your local social security office.

top of pa

## MAY I BE PAID BY MY EMPLOYER AND STILL GET TDI?

If you continue to be paid a salary, sick or vacation pay while you are unable to work, you are allowed to receive TDI.

top of pa

## CAN I COLLECT TDI AND UNEMPLOYMENT INSURANCE (UI) FOR THE SAME PERIOD OF TIME?

You cannot receive TDI and UI for the same period. If you become disabled while collecting UI, you should file for TDI and immediately notify UI.

top of pa

## I'M PREGNANT. CAN I COLLECT TDI?

Pregnancy is treated the same way as any potentially disabling condition. Once your QHP tells you that you cannot continue to work because your condition is incapacitating, file your TDI claim.

top of pa

## I FILED FOR WORKERS' COMPENSATION (WC). CAN I GET TDI, TOO?

You cannot receive TDI for any period that you receive WC. If you were injured on the job you mus file a claim for WC. If you have filed for WC and the claim is being contested, you may be eligible fc TDI pending settlement of the WC claim. If you later receive WC for any weeks that TDI has been paid, you must notify us immediately so that any adjustments can be made.

top of pa

## I DON'T AGREE WITH A TDI DECISION REGARDING MY CLAIM. WHAT CAN DO?

You have the RIGHT TO APPEAL any decision with which you do not agree, by submitting a request writing to the TDI Appeals Coordinator at PO Box 20100, Cranston, RI 02920-0941 or by FAX at (401) 462-8466. Your case will be assigned to a Referee (Hearing Officer) at the Board of Review w will schedule a hearing at which time you may state your argument in detail.

You may bring witnesses or someone to represent you. You should bring any documents or other evidence that will support your claim. The Board is an impartial authority not under the direction of the Department of Labor and Training.

top of pa

## I'VE RECOVERED BUT HAVE NO JOB. WHAT CAN I DO?

You should visit any of the Department's One-Stop Career Centers - netWORKri Centers.They can help you find work, enroll in training, and provide job counseling. You should also file a claim for Unemployment Insurance benefits by calling (401) 243-9100 or visiting www.dlt.ri.gov/ui/

top of pa

## WHO PAYS FOR TDI?

The TDI program is financed entirely by employee payroll deductions. The current withholding rate 1.4% of your first $50,600 in earnings. Workers aged 14 and 15 are exempt from wage deductions and TDI coverage. If you worked for more than one RI employer in a calendar year and your total wages were more than $49,000 (in 2005), you may be entitled to a TDI tax refund. You can download a TDI tax refund claim form from our website www.dlt.ri.gov/tdi. You can also obtain the refund form from the Division of Taxation, 1 Capitol Hill-Suite 36, Providence, RI 02908, (401) 222-3682.

top of pa

## ARE TDI BENEFITS TAXABLE? . . . . . . ARE TDI WITHHOLDINGS DEDUCTIBLE?

TDI benefits paid to you are not subject to Federal or State income taxes. TDI withholdings from yc earnings are deductible for Federal income tax reporting purposes.

top of pa

## CAN I WORK PART TIME AND RECEIVE TDI?

If your QHP tells you that you are able to return to work part time and your employer has work available for you, you may be eligible to collect partial TDI payments. You are eligible to collect a partial TDI payment for any week, beginning on or after January 1, 2006, in which you have earnin of less than your weekly benefit rate. You must be totally unable to work for at least 7 consecutive days before you are eligible to receive partial benefits. For more information, visit our **Partial Retu to Work Program** web page.

## CAN MY TDI BENEFITS BE DIRECTLY DEPOSITED TO MY BANK ACCOUNT?

You have the option of having your benefits electronically deposited into your savings or checking account. It takes about three weeks from the date your request for direct deposit is received to establish direct deposit. Until the direct deposit system is activated for you, your TDI checks will be sent to your mailing address.

If you think direct deposit will benefit you, be sure to complete the Request for Direct Deposit secti of the TDI Application for Benefits. You may call (401) 462-8420 to have a Request for Direct Depo mailed to you. If you want your benefits deposited into your checking account, you must attach a check marked "VOID" to your application. If you want your benefits deposited into your savings account, you must attach bank documentation that includes your account number and the bank routing number.

top of pa

## WHAT IF MY QHP REQUIRES MY AUTHORIZATION TO RELEASE MEDICAL INFORMATION?

If your QHP requires your authorization before releasing any medical information to TDI, a medical release will be mailed to you. After signing the authorization you must deliver (bring, fax or mail) tl release to your healthcare provider. Additional copies of the Authorization for Release of Medical Information can be downloaded from our website, www.dlt.ri.gov/tdi

top of pa

## WHAT IS THE CLAIMS MANAGEMENT UNIT?

The Claims Management Unit (CMU) has recently been established in TDI. The CMU is staffed by tw Registered Nurses who will be educating claimants, employers and QHPs on how the TDI program operates. The Claims Management Unit will also be reviewing TDI claims when the medical duratior extends beyond the medical duration guidelines that TDI utilizes.

top of pa

## I have been granted family medical leave status from my employer in order to take care ( a sick relative. CAN I APPLY FOR TDI AND RECEIVE TDI BENEFITS?

No. RI TDI only pays benefits to workers who are ill or injured and does not extend benefits to persons taking care of a sick relative while on family medical leave (FMLA). Anyone who receives Temporary Disability Insurance must be certified by a licensed Qualified Healthcare Practitioner tha they are disabled and unable to work.

top of pa

---

---

**Temporary Disability Insurance**
Rhode Island Department of Labor and Training
Phone: (401) 462-8420
E-mail: tdi@dlt.ri.gov