UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA ANTONUCCI,
Plaintiff,

v. : CA 06-108 ML

CHERRY HILL MANOR, CHERRY HILL NURSING HOME, LTD., LIFE CARE CENTERS OF AMERICA, INC., EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.[1]

**ORDER**
**RE MOTIONS HEARD**
**ON MAY 17, 2007**

On May 17, 2007, the following motions were scheduled for hearing:

1) Plaintiff's Motion for Leave to Take Further Deposition Pursuant to Rules 26 and 30 (Document ("Doc.") #32) ("Motion to Compel Further Deposition");

2) Plaintiff's Motion to Compel Defendant Charron to Produce Supplemental Documents/Motion for Contempt (Doc. #38) ("Motion to Compel/Contempt");

3) Plaintiff's Motion to Compel Defendant to Produce Supplemental Documents in Response to Requests No. 16 and 34 (Doc. #39) ("Motion to Compel Production"); and

---

[1] On August 22, 2006, Chief (then District) Judge Mary M. Lisi issued a Memorandum and Order (Doc. #12) denying Plaintiff's Motion to Remand and dismissing all counts against Defendants Cherry Hill Nursing Home, Ltd., and Edward J. Mitson, Jr.

4) Defendant's Motion for Attorneys Fees.[2]

Prior to the start of the hearing, the Court was advised by counsel that it need not address Plaintiff's Motion to Compel Production (Doc. #39) as that matter had been resolved. At the hearing, Plaintiff's counsel withdrew this motion. The Court then heard argument on those parts of the remaining three motions which counsel had been unable to resolve. After listening to such argument as to each motion, the Court made the following rulings:

1. **Plaintiff's Motion to Compel Further Deposition (Doc. #32) is granted to the extent that Plaintiff shall be allowed to depose Pamela Charron for an additional one hour and thirty minutes.** Such deposition shall take place by June 16, 2007, at a time and place convenient to Ms. Charron. If Ms. Charron so desires, the attorneys shall travel to her home or any other location which is convenient for her and which is suitable for the conduct of the deposition. During the deposition Ms. Charron is to be treated with courtesy and respect. Plaintiff's counsel shall refrain from raising her voice above a level necessary to be heard by the deponent, opposing counsel, and the court reporter.[3]

To the extent that the motion seeks to depose Ms. Charron beyond an additional one hour and thirty minutes, it is denied.

---

[2] Defendant's Motion for Attorneys Fees (Doc. #46) was included within Defendant Life Care Centers of America, Inc.'s opposition to Plaintiff's Motion to Compel/Contempt (Doc. #38) and Plaintiff's Motion to Compel Production (Doc. #39). Defendant's counsel is advised that a motion should not be included within an objection but should be filed as a separate document. While the Court will overlook this procedural error in this instance, counsel should act accordingly in the future.

[3] The Court includes this admonition based on the transcript of Ms. Charron's April 11, 2007, deposition. See Deposition Transcript at 32, 38, 85, 190, 223.

Plaintiff has not identified any additional areas of inquiry which would justify an extension of the total time for the deposition beyond seven hours. In addition, at the April 11, 2007, deposition of Ms. Charron, Plaintiff's counsel went over the same ground repeatedly. For example, Plaintiff's counsel asked Ms. Charron to explain what she meant when she stated Plaintiff was not "being creative enough ...," Deposition Transcript at 177, even though Plaintiff had already explained this, see id. at 105-06. Indeed, the transcript reflects that Ms. Charron explained multiple times what she had expected of Plaintiff and how Plaintiff had failed to satisfy those expectations.

To the extent that Plaintiff contends that objections and comments made by defense counsel were inappropriate and interfered with the conduct of the deposition, the Court has reviewed the transcript. Most of the objections were as to the form of the questions. While a number of the objections appear to have been baseless, they were briefly stated and their frequency decreased as the deposition progressed. Similarly, defense counsel's extraneous comments decreased as the deposition progressed. While the objections and comments may initially have been distracting to Plaintiff's counsel, they did not continue at a level so as to disrupt the deposition. Plaintiff's argument that she should be allowed to depose Ms. Charron for an additional hour beyond the presumptive seven hour limit based on the conduct of defense counsel is, therefore, rejected.

2. **Plaintiff's Motion to Compel/Contempt is granted to the extent that as to Document Requests No. 8 and No. 9 Defendant Charron shall produce daily, weekly, and monthly schedules for a consecutive three month period while she was employed at Evergreen House.** As to Document Request No. 10 the motion is granted to the extent that Defendant Charron shall provide the

total dollar amount of bonuses paid during that same three month period. In all other respects the motion is denied.[4]

3. **Defendant's Motion for Attorneys Fees (Doc. #46) is taken under advisement.** The Court will issue a ruling at a later date. In the meantime, the parties are strongly encouraged to make a renewed effort to resolve any outstanding discovery disputes without the need for an additional hearing.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 18, 2007

[4] To the extent that the Motion to Compel Production/Contempt sought to adjudge Defendant Charron in contempt, Plaintiff's counsel stated at the May 17, 2007, hearing that she had withdrawn that part of the motion prior to the commencement of the hearing. Accordingly, the Court rules that portion of the motion to have been withdrawn.