UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BARBARA ANTONUCCI,
Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC., et al.: C.A. No. 06-108-ML

Defendants.

**AFFIDAVIT OF PAMELA CHARRON**

I, Pamela Charron, on oath, do depose and state as follows:

1. From the end of July 2004 until approximately October 2005, I was the Director of Nursing Services ("DNS") at Cherry Hill Manor, and I supervised Barbara Antonucci ("Plaintiff") in the position as Scheduler, and I have knowledge of the documents in her personnel file. When I began as DNS, the prior DNS, Celeste Harris informed me of the circumstances which resulted in Plaintiff receiving a written warning Exhibit A). The then per diem Scheduler, Donna Sweeting, also informed me that she had witnessed this event.

2. Within approximately a week supervising Plaintiff, I had a discussion with Plaintiff about maintaining the Master Schedule of patient care staff. Plaintiff indicated that under the supervision of previous DNSs, she had not maintained the Master Schedule and that she did not know how she would be able to complete the task. Thereafter, I also counseled Plaintiff that she needed to more aggressively call the individuals on the staff lists, and not allow vacancies in the schedule to remain unaddressed until the end of the week when bonus dollars were needed to motivate staff to pick up shifts. Plaintiff would respond to these discussions that she was "doing the best she could," but was not willing to "badger" staff to pick up shifts. Ms. Sweeting also informed me about Plaintiff's resistance to aggressively making calls to fill open shifts.

3. On August 19, 2004, Plaintiff told me that she would not and could not update the monthly schedule, as I had directed. As a result, and based on my ongoing concerns regarding Plaintiff's

performance, I gave Plaintiff a written Action Plan on August 23, 2004 (Exhibit B), which was disciplinary in nature and which detailed my expectations in the future.

4. Following the August 23, 2004 Action Plan, I sent Plaintiff for training with, Rebecca Santin, another Scheduler, who later told me that, at the training, Plaintiff had been "surprised" at the number of times that Ms. Santin contacted employees to pick up shifts, and that Plaintiff told Ms. Santin that she (Plaintiff) would not telephone individuals on multiple occasions.

5. On Friday, October 1, 2004, I sought to leave work early to attend a funeral with Cherry Hill's Executive Director, Mr. Haase, and I told informed Plaintiff of my need to leave early. At approximately 2 p.m., Plaintiff brought me the schedule for the weekend (October 2-3, 2004) with a significant number of vacancies. Plaintiff has not previously told me that there was such significant problem with the schedule. With the assistance of two other employees, I was able to substantially complete the schedule, but I was unable to attend the funeral. Based on the manner in which Plaintiff presented the incomplete schedule (i.e. late in the afternoon, with significant vacancies, without sufficient prior notice on a day when I was scheduled to attend a funeral), I concluded that Plaintiff had not put sufficient effort into completing the schedule and her conduct warranted discharge. I consulted with my supervisors and made the decision that Plaintiff should be discharged, which she was on October 4, 2004. (Exhibit C).

6. Plaintiff's discharge had nothing to with her age, and was based on her conduct. Other schedulers I have supervised (Rebecca Santin, Donna Sweeting, and Dawn Morang) have never engaged in similar conduct which warranted written counseling or discharge. I never made any comments regarding Plaintiff's age, or the age of any other employee.

Signed under the pains and penalties of perjury this 20th day of July, 2007.

[signature]

Pamela Charron

Exhibit A

Cherry Hill Manor

# Memo

**To:** Barbara Antonucci, Staffing Coordinator

**From:** Celeste Harris, R.N. D.N.S.

**CC:** Steve Haase, Executive Director

**Date:** 12/08/03

**Re:** Notice of Disciplinary Action- Written Warning

---

On 12/5/03, we had a discussion regarding your vacation request for December 2003. I was forced to deny your request due to the number of existing nursing vacancies that would require your help to get filled. If we approved your vacation request we would have a very difficult time finding someone to do your job.

In addition, you were granted a vacation during the Thanksgiving holiday and gave me no indication at that time that you would also want to take a vacation during the Christmas holiday.

During our discussion you became loud and very agitated and spoke to me in a very disrespectful manner. You made statements to me such as " I don't get paid enough to put up with this aggravation." " If I made as much money as you do I would do your job." "I am technically not under nursing, I'm listed under receptionist." "I never had a problem until you became director." "I don't need this, I am ready to retire."

Because of your behavior during this discussion, I am issuing you a written warning for misconduct/insubordination. If you ever speak to me in loud or disrespectful manner again, you will receive progressive disciplinary action up to and including termination.

---

Employee signature and date

[signature] 12/5/03

Supervisors signature and date

employee refused to sign / [signature] / [signature]



DEF 00030

Exhibit B

Page 24 of 31
DEFENDANT'S EXHIBIT NO. FOR IDENTIFICATION
DATE 1/9/07 RPTR

# ACTION PLAN

Associate: Barbara Antonucci

Date: 8/23/04

Department: N.S.

Department Head: Pamela Charron, RN DNS

Date of most recent performance evaluation: 3/8/04

Type of Action Plan: ☑ 2 weeks ☐ 30 days ☐ 45 days

Document concerns/issues of associate's performance:
Barbara was instructed on the first week of Aug. that she was to update & maintain nursing monthly schedule. On Thursday Aug. 19th during a phone conversation Barbara stated she can not & will not perform such duties as directed

Document expectations required within the timeframe established for this action plan including a timeframe.

1. Will complete & maintain nursing monthly scheduling. — Expectation — ONGOING — Timeframe
2. Will not ignore requests by DNS — Expectation — ONGOING — Timeframe
3. Will F/U & complete duties as assigned — Expectation — ONGOING — Timeframe
4. Review & Sign Updated Job description — Expectation — 8/30/04 — Timeframe
5. Starting Sept 8th 2004 will work 40° in 5 days/wk — Expectation — 9/8/04 — Timeframe

Assistance available from: DNS

We will meet again for review of expectations on: 9/7/04 (Date)

In the event these expectations are not met, appropriate action will be taken up to and including termination as management feels appropriate.

A' Associate Refused to Sign — Associate's Signature and Date

Pamela Charron, RN DNS 8/23/04 — Department Head's Signature and Date

[signature] 8/23/04 — Executive Director's Signature and Date

Divisional PD Director's Signature & Date

*Copy to: 1) Associate 2) Personnel File*

Life Care Centers of America

Exhibit C

Cherry Hill Manor
2 Cherry Hill Road
Johnston, Rhode Island 02919

(401) 231-3102 / Fax (401) 232-5520

*Notice of Disciplinary Action*

Name Barbara Antonucci Job Title Staffing Coordinator Facility CHM

Nature of Violation: ____ Absenteeism ____ Dress Code ____ Attitude
____ Tardiness ____ Policy Violation ________ (Name Policy)

____ House Rule Violation ________ (House Rule # )

✓ Other Ongoing poor job performance

Dates (s) of Violation: Ongoing

Number of prior Disciplinary Action Notices on file: ________

Detail What, Where and How: Despite numerous discussions & education staff member not performing up to expectations

Employee Comments: Do not agree with the above - Work through breaks - sometimes lunch. Put every effort into getting staff not enough nurses in facility

Action Taken: ____ Documented Verbal Notice Suspension for ____ days, to start on ____ (date) and return to work on ____ (date)
____ Written Notice
✓ Termination

Action to be taken if same violation occurs: ____ Written Notice ____ Suspension ____ Termination

Important Note: If another type of violation occurs, the disciplinary action may be different than shown above. All the relevant facts would be taken into consideration, including this prior disciplinary action.

This notice was given on 10/4/04 (date) Barbara Antonucci 10/4/04
Employee's Signature Date

[signature] Nurse 10/4/04
Supervisor's Signature & Job Title Date

☐ Employee Refused to Sign - requires witness signature

[signature] 10/4/04
Dept. Head/Administrator Date

________ ________
Witness Date