# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA ANTONUCCI,<br>Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC.,<br>PAMELA CHARRON, in her personal and official capacity, and<br>STEVE HAASE, in his personal and official capacity,<br>Defendants. | C.A. No. 06-108-ML |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant submits the following brief reply memorandum to address Plaintiff's failure to identify any evidence[1] that would allow a finder of fact to conclude that Plaintiff's discharge was motivated by unlawful age discrimination. Nor has Plaintiff presented any evidence that the concerns expressed by Plaintiff's supervisor were a pretext designed to cover up an unlawful motive. On the contrary, Plaintiff concedes in her deposition testimony that her discharge was a direct result of Ms. Charron's dissatisfaction with Plaintiff's efforts on a weekend schedule. Accordingly, Defendant's motion for summary judgment should be allowed.

## A. Plaintiff Has Presented No Evidence of Age Discrimination

Plaintiff's evidence is insufficient to allow a finding that Defendants harbored age animus. For instance, Plaintiff relies on the discharge of another employee (Irene Ferruccio) for "proof" that her own discharge was motivated by age. Plaintiff's allegations regarding Ms. Ferruccio's discharge are based on her conclusory observation that other clinical issues "appear

[1] Because Plaintiff has failed to include any of the deposition transcript pages relied on in her Memorandum in Support of Objection to Defendants' Motion for Summary Judgment (Document #64) or in her Amended Response to Defendants' Rule 56 Statement of Undisputed Facts (Document #65), any factual assertions based on said transcript pages should be disregarded.

to be much more serious" than the clinical issues for which Ms. Ferruccio was discharged. Setting aside the fact that Plaintiff's bald assertions are not probative evidence, Plaintiff's criticism regarding the prudence of Defendants' business judgment does not create an inference of age discrimination.[2] See cases cited in Document # 50, pp. 10-12 .

Plaintiff also claims that Ms. Charron declined to hire a job applicant who suggested that Ms. Charron was "too young" to be a Director of Nurses. Even if believed, the comment does not demonstrate a bias against older employees. Rather, the only reasonable inference that may be drawn is that Ms. Charron did not wish to hire an employee who had the poor judgment as to openly question the qualifications of her potential employer. See Gonzalez v. El Dia, Inc., 304 F. 3d 62, 66-68 (1st Cir. 2002) (reference to plaintiff's "old ways" was ambiguous and, therefore, did not constitute evidence of unlawful age-bias).[3] Indeed, unlike the comment in Gonzalez, there is no allegation that Ms. Charron made any comment that even arguably related to an individual's advanced age).[4]

Similarly, while Plaintiff blithely dismisses the record evidence that numerous employees in the protected category – including employees older than Plaintiff – were not discharged, she fails to offer any analysis of Defendants' workforce that supports an inference of age bias. Rather, she claims – without citation to any record support – that Ms. Charron discharged six

[2] In addition, courts generally disfavor reliance on anecdotal evidence of other personnel actions to meet Plaintiff's burden of demonstrating that her own discharge was a result of age-discrimination. See Wyvill v. United Companies Life Ins. Co., 212 F. 2d 296, 302-303 (5th Cir. 2000) (reversing verdict of age discrimination based, in substantial part, on erroneous admission of anecdotal evidence of other employees' claims of age discrimination).

[3] Plaintiff's reliance on Mr. Pereira's self-deprecating joke made during his deposition as to his *own* age is similarly misplaced. Setting aside the fact that it was clearly a light-hearted and innocuous comment, it was entirely unrelated to Plaintiff or to the decision to discharge Plaintiff and therefore is not evidence that Plaintiff's discharge was based on age. Gonzalez, 304 F. 3d at 69-70 (stray remarks unrelated to the decision at issue are not probative of age discrimination). Similarly, Plaintiff's bald assertion, at p. 28-29 of Document 64, that Defendant Haase's general understanding of employees' ages – based on working with them over the course of time – somehow suggests a bias against older employees is logically untenable.

[4] Likewise, Mr. Haase's statement that Plaintiff was not open to change reflects concern regarding her particular performance, not stereotypes of older employees.

older employees for the same reason as Plaintiff. Such a small statistical sampling does not amount to probative evidence of age discrimination, especially given the absence of contextual data. See e.g. Rossiter v. I.B.M., 2005 U.S. Dist. LEXIS 24543 (D. Mass. October 19, 2005)(no probative value in small statistical sampling, where plaintiff failed to account for possible explanations for disparities).

In sum, Plaintiff has failed to cite any evidence that would support an inference that she was fired because of her age. As a result, Defendants are entitled to summary judgment.

**B. Plaintiff Does Not Dispute The Reason For Her Discharge, And Has Otherwise Failed To Establish Pretext**

Plaintiff cannot demonstrate pretext, because Plaintiff's own deposition testimony (Pl. Tr. 293) conclusively establishes that ***Plaintiff believes the events surrounding the October weekend schedule were the reason for her discharge.***[5] Absent specific record evidence showing a dispute as to the reason for discharge, summary judgment for Defendants is appropriate. Alvarez-Fonseca v. Pepsi Cola of Puerto Rico, 152 F.3d 17, 25 (1st Cir. 1998), cert. denied, 526 U.S. 1123 (1999) (employee bears burden to demonstrate that employer's explanation is false, and designed to cover-up unlawful discrimination).

Moreover, rather than provide evidence to dispute the reason for her discharge, Plaintiff ***confirms*** what she admitted at deposition – she was fired because of the weekend schedule she provided on October 1, 2004. Document #64 p. 8. ("[Charron] fired Antonucci based on an assumption that Antonucci did not do enough due to the number of openings [on the weekend schedule].") While Plaintiff explained that the vacancies were not her fault, but a result of "not enough nurses in facility" (Document #62, p.5), this simply ignores that well-established law that the focus in a discrimination claim is on the view of the decision-maker, not the soundness of the employer's decision. Plaintiff's claim that her discharge was unfair or unjustified is simply

[5] Indeed, despite 30-odd pages of briefing, Plaintiff failed to cite any specific evidence in the summary judgment record that calls Plaintiff's admission into question. See Document #65, p.7, ¶ 27 (Plaintiff's general denial of reason for discharge, based on conclusory allegation of age discrimination in Plaintiff's administrative charge).

irrelevant, and it does not amount to evidence that Defendants' articulated reason was pretextual. See cases cited at pp. 10-11 of Document 50.

In addition, Plaintiff's attempt to establish other defects in the decision-making process do not establish pretext. For instance, Plaintiff claims to have identified alleged inconsistencies as to precisely when the weekend schedule was delivered, how many vacancies existed, and how the vacancies were ultimately filled. The First Circuit addressed a similar effort by the plaintiff in Ronda-Perez v. Banco Bilbao, 404 F. 3d. 42 (1st Cir. 2005), where the plaintiff tried to establish pretext by relying upon "inconsistent testimony" as to the details of the investigation that led to his discharge. While the First Circuit recognized that the investigation was arguably open to criticism, it nonetheless held that plaintiff failed to raise an issue of pretext because "on no account could we say that such vagaries amount to a lie rather than an oddity or an error." Id. at 47. Like the "inconsistencies" in Rondo-Balbao, none of the alleged inconsistencies cited by Plaintiff suggests that Defendants' reason for her discharge amounts to "something worse than a business error; pretext means deceit used to cover one's tracks." Id. at 45.[6]

Additionally, Plaintiff's attempt to compare herself to other schedulers is without merit, because unlike Plaintiff, the other schedulers did not engage in conduct which warranted discipline or discharge.[7] Document #62, p. 2. In Rondo-Balbao, the plaintiff similarly attempted

[6] Similarly, Plaintiff's claim that Defendants did not investigate Plaintiff's efforts to fill the weekend schedule does not create an issue of pretext. See Rondo-Balbao, at 48-49, quoting Baralt v. Nationwide Insurance Co., 251 F. 3d 10, 17, 19 (1st Cir. 2001) (evidence of defendant-employer's cursory investigation may render rationale for discharge "far from compelling," but it did not indicate that the "investigation was fabricated by company officials.")

[7] Any effort by Plaintiff to deny that she was counseled for prior performance problems is unfounded. Indeed, it is undisputed that Defendants Charron and Haase met with Plaintiff on August 23, 2004 to counsel her regarding performance – including not "ignoring" requests by Ms. Charron – and that Plaintiff was warned in writing that failure to meet the expectations of the plan could result in "termination." See Document #62, p. 4, and Pl. Tr. 186 - acknowledging that the August 23 document reflected Charron's concerns regarding Plaintiff's performance). Moreover, Plaintiff's testimony establishes prior instances of oral counselings by Ms. Charron. (Pl. Tr. 148 - testimony describing work place directions provided by Ms. Charron as the first "real bad encounter"; Pl. Tr. 165 - acknowledging that Ms. Charron could have told her to do more work to fill vacancies; Pl. Tr. 170 – acknowledging that Ms. Charron may have discussed the need to rely less on bonuses to fill vacancies). Plaintiff was also given a written warning in December 2003 for insubordination by the prior DNS. Document #62, p. 3. While Plaintiff

to establish pretext by claiming that his co-worker – who was only disciplined for engaging in the same inappropriate behavior that resulted in plaintiff's discharge – received more favorable treatment. The First Circuit rejected any such comparison, however, because the co-employee accepted responsibility, was lower level, and was free of other (disputed) criticisms levied at plaintiff. In the instant case, the record evidence establishes that Plaintiff was insubordinate, had to be counseled to "not ignore" requests from the DNS, and reported to others that she would not comply with Ms. Charron's directives to more aggressively call staff (Document #62). The circumstances surrounding the weekend schedule, combined with Plaintiff's prior discipline record, make the other schedulers readily distinguishable.

While Plaintiff makes sweeping and conclusory claims that the other schedulers – at different facilities, under different supervisors, and at different time periods – had performance deficiencies similar to Plaintiff, there is no probative evidence or corroborating documentary evidence to support Plaintiff's bald assertions or to suggest that they are "similarly situated" to Plaintiff. Moreover, Plaintiff does not even allege that the other schedulers engaged in the above-cited misconduct for which Plaintiff was disciplined. Accordingly, Plaintiff has failed to raise an issue of fact as to whether other schedulers were treated more favorably

Respectfully submitted,

LIFE CARE CENTERS, INC.,
By its attorneys,

/s/ Christopher J. Campbell
Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
617-367-0025

Dated: August 3, 2007

---

argues that her performance did not warrant discipline, Plaintiff's opinion does not negate that her performance was repeatedly addressed, or establish that Defendants' concerns were fabricated to cover up age discrimination.