**UNITED STATE DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **BARBARA ANTONUCCI,**<br>***Plaintiff,***<br><br>**vs.**<br><br>**LIFE CARE CENTERS OF AMERICA, INC., et al.,**<br><br>***Defendants.*** | **C.A. No. 06-108 ML** |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Now comes the Plaintiff, Barbara Antonucci, ("Plaintiff"), and hereby objects to Defendants' Motion for Reconsideration relative to the Court's February 13, 2008 Memorandum and Order denying Defendant's Motion for Summary Judgment, in part. In support thereof, Plaintiff relies on the memorandum submitted herewith.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 16th day of March 2008, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate

**UNITED STATE DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**BARBARA ANTONUCCI,**
***Plaintiff,***

**vs.**

**LIFE CARE CENTERS OF AMERICA, INC., et al.,**

***Defendants.***

**C.A. No. 06-108 ML**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

I. *Introduction.*

At this point, the Court is well familiar with the underlying facts in the case and they need not be restated here. The parties are presently before the Court relative to the Defendant's Motion for Reconsideration of the Court's February 13, 2008 Memorandum and Order (hereinafter "Order") denying Defendants' Motion for Summary Judgment, in large part. As the following demonstrates, not only does this request lack merit, but it contains many offensive statements relative to Plaintiff's counsel which were totally unnecessary.[1] As the following demonstrates, the Court should deny Defendants' motion in its entirety.

*II. Argument.*

*This Motion is Procedurally Inappropriate – There is no Basis for it in the Rules*

Before addressing the substance of the motion, it is important to recognize two things. First, there is nothing in Defendants' motion that could not have been raised in its reply

1 Because the language used by Defense counsel in Defendants' memorandum is so strong, it is difficult to ignore. Plaintiffs' counsel's position is that a plain reading of testimony at issue makes clear that Defense counsel's allegations are without merit and were totally unnecessary and unprofessional.

memorandum. The Defendants, to some extent, have argued that Plaintiff left out certain deposition pages which would have more fully explained the positions taken by defense witnesses. Assuming solely for the purposes of this argument that is true, it would have been apparent to Defendants upon reading Plaintiff's Objection and should have been raised in its reply. In addition, Defendants attempt to revisit the issue of whether there were record inconsistencies. However, Defendants already raised that point in its reply brief. Defendant's Reply to Plaintiff's Opposition to Summary Judgment, p. 4.[2] To the extent that Defendants now wish to discuss those issues more fully, that day has come and gone.

In addition, the form of Defendants' motion is one to reconsider the Court's Order on summary judgment. A motion to reconsider can only fall under either Rule 59 or 60. Fed. R. Civ. P. 59, 60. Since Rule 59 relates only to altering or amending judgments, it is inapplicable in this case. Even if it Rule 59 did apply, "the 'general rule' for motions for reconsideration under Fed. R. Civ. P. 59(e) 'is that the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marks 3-Zet-Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (quoting Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Id. (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)). Accordingly, the Defendants cannot seek relief under Rule 59.

2 Defendants' have also already raised the issue of whether Plaintiff was required to include all deposition transcript pages as part of her response to Defendants' Motion for Summary Judgment. Defendants' Reply, p. 1, n.1. In all events, there is nothing in the local rules or federal rules that require Plaintiff to submit all deposition transcript pages at the time of the response. This makes sense because it would be impossible in light of the page limits.

By comparison, a Rule 60(a) motion is permissible to correct a "clerical" error. Fed. R. Civ. P. 60(a). "An error in judgment[3] is considered 'clerical' in nature if the judgment as entered fails to reflect the actual intention of the court." James W. Moore, Moore's Federal Pamphlet, § 60.3, p.792 (2006) (citing Dudley v. Penn-America Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002)). "If the district court intended to enter the [order] as entered, any error in the judgment is not clerical, but is a substantive legal error and may not be corrected under Rule 60(a), but must instead be either appealed or challenged by postjudgment motion under Rule 60(b)." Id. at 793 (citing cases). Here, Defendants do not allege clerical error or that the Order failed to accurately reflect the intention of the Court.

This leaves only Rule 60(b) as possible authority for Defendants' motion. "It is fundamental that Rule 60(b) provides for extraordinary relief, [and] a motion thereunder may be granted only under exceptional circumstances." Fernando Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27-28 (1st Cir. 2006). The Defendants have simply failed to establish the existence of any exceptional circumstances. As it set forth herein, the motion essentially re-argues the summary judgment, and as such, cannot be granted.

*The Inconsistencies Precluding Summary Judgment are True Inconsistencies*

Any reading of the Court's decision demonstrates that the Court diligently reviewed the submissions presented by the parties, as well as the relevant documents and deposition transcript pages prior to making the decision at issue.[4] Despite this, Defendants point to several instances in which the Court was allegedly confused about the deposition transcripts, and thus allegedly

3 Although Moore's refers to "judgments," Rule 60 also refers to "orders."

4 Contrary to Defendants' assertions, the Court did possess the relevant deposition excerpts prior to making its decision on summary judgment. In October 2007, Plaintiff submitted the pages at the Court's request.

erroneously found inconsistencies on the part of the Defendants sufficient to allow a jury to infer pretext. However, as the following demonstrates the evidence supports such a finding by the Court.

First, Defendants point to the inconsistency between the position paper and Pam Charron's deposition testimony on the issue of whether bonuses contributed to the decision to terminate the Plaintiff. Defendants argue that if one were to examine Charron's deposition testimony, one could come to only one conclusion – that she was entirely consistent on the issue of whether over-reliance on bonuses contributed to Plaintiff's termination. This is not accurate. The position paper alleges that over-reliance on bonuses contributed to Plaintiff's termination. Plaintiff's Objection to Summary Judgment, Ex. B, p.2 (hereinafter "Objection"). Despite this, Charron said in no uncertain terms that over-reliance on bonuses was not the reason why Plaintiff was fired. Charron II, p. 27. This was corroborated by Haase and Pereira (both alleged decision-makers).[5] Haase, p. 238-239, Pereira, p. 184-185. The Court had the actual deposition testimony, position paper, and answers to interrogatories before it when it made the finding that the Defendants contradicted themselves. Order, p. 13-14. In reviewing this evidence, the Court found that "a reasonable trier of fact could find the conflicting statements about the bonuses to be problematic." Order, p. 14.

The two pages of Charron's deposition submitted by Defendants do not change this result. On those pages she is asked if the frequency at which Plaintiff gave out bonuses was an "issue," and she responds "I guess you could say yes." Charron II, p. 22-23 (emphasis added). This does

5 Defendants asserted that Haase, Pereira, and Charron all agreed that Plaintiff's conduct warranted discharge. Objection, Ex. C, p.5. However, by the time of the motion for summary judgment Defendants backed off and stated only that Charron "consulted" with Haase and Pereira prior to making the decision. Defendant's Amended Statement of Undisputed Facts, paragraph 28. This was probably because during the depositions, Haase testified that Pam Charron made the decision to fire Plaintiff and Pereira testified that he did not recommend firing Plaintiff, that he did not know who made the decision to fire her, and that he only found out about it after the fact. Pereira, p. 143, 173.

not change the fact that when asked directly if it was the reason she was fired, Charron said no. Charron II, p. 27. In fact, the pages submitted by Defendants further demonstrate the contradiction – Charron admits that over-reliance on bonuses was a "concern," but not a serious concern. Charron II, p. 23.

The next issue raised by Defendants relates to Pereira's testimony on bonuses. Defendants argue that the Court should have disregarded his testimony because even if he did not care how much was given in bonus money; it is allegedly irrelevant because he supposedly had no fiscal responsibility. Whether Pereira had fiscal responsibility or not is irrelevant to the problem with his testimony as acknowledged by the Court. Part of the reason why she was allegedly fired was her poor performance with respect to over-reliance on bonuses. It simply does not make sense that the basis of the firing was over-reliance on bonuses if Pereira did not care about bonuses. Pereira, p. 184-185. This is because Pereira was supposedly one of the people who participated in the decision to fire Plaintiff. Again, the Court had this testimony to consider and correctly determined that a trier of fact could find it suspicious and evidence of pretext.

The next time Defendants' allege that Plaintiff has distorted the record is related to the master schedule discussions between Plaintiff and Charron. As the Court correctly noted, the position paper plainly says that Plaintiff refused Charron's directive with respect to the master schedule on two occasions – August 2 and August 19. Objection, Ex. B, p. 3. The exact language used by Defendants with respect to August 2 was that "Antonucci responded by telling Charron that it was not her job – that it was Ms. Charron's job, and that she would not follow her supervisor's direction." Id. Yet, during her deposition Charron did not state that Plaintiff refused on August 2. Charron, p. 74-75. In addition, a plain reading of the August 23 action plan reveals that the only refusal indicated is the one on August 19. Order, p. 14. Significantly, Defendants'

did not even allege that Plaintiff refused on August 2 in their Further Answers to Interrogatories. Objection, Ex. C, p. 3. Defendants basically ask this Court to ignore that contradiction and instead find that the fact that Charron believes Plaintiff "insinuated" she would not comply is the same thing as an actual refusal. Defendants cannot rewrite history. Defendants never said Plaintiff "insinuated" she would not comply when required to set forth the reasons why Plaintiff was fired to the Commission.

The next supposed issue relates to the number of openings on the schedule as of the weekend of October 2-3. Again, Defendants assert that there is no contradiction when it originally stated in the position paper that there were 21 openings on the schedule and Pereira acknowledged that it was possible that there were 10 or 11. Objection, Ex. B, p 4. This makes no sense – there is a very plain contradiction which is material especially because this is the event which supposedly precipitated Plaintiff's termination. In addition, Defendants fail to mention that Charron did not testify there were 21 openings – she stated in the Further Answers to Interrogatories that there was a "significant" number of openings and later "numerous" openings. Objection, p. 4-5.

The final issue Defendants take with the inconsistencies identified by the Court relates to the job posting. There is no dispute that Sweeting only performed the scheduling duties one day per week up until the time Charron required Plaintiff to work five days a week (after the August 23 action plan). Sweeting testified that she saw the job posting during the time she was still filling in for Plaintiff, which was before August 23. Sweeting, p. 199-200. The Court recognized that it is common sense that if a job is posted before the job performance issues are documented that supposedly justify the termination then the job performance justification is suspect. The Court also recognized that Sweeting's testimony might not be entirely clear but that all inferences must

be drawn in favor of the Plaintiff on summary judgment. Even without Sweeting's testimony however, both Plaintiff and Irene Ferruccio confirmed the sighting of the job posting.[6]

The final argument relates to the changes in Plaintiff's job duties made in the context of the August 23 action plan. There is no dispute that Defendants' implemented additional duties for Plaintiff and then did not require her replacement to perform those duties - - they instead gave her the same job description that Plaintiff held before her duties were changed. Defendants argue that because the change in duties did not have any bearing on the reason why Plaintiff was fired, that this evidence is somehow irrelevant. To the contrary, this evidence is highly relevant of Defendants' motivation toward Plaintiff. The fact that Defendants' were unsuccessful in this regard does not render the evidence meaningless. Defendants also never asked Plaintiff if the job duties were more challenging. Instead, contrary to the position that they now take, Defendants acknowledged that Plaintiff was upset when given these additional duties. Objection, Ex. C, p. 4. Accordingly, Defendants' argument in this regard should be rejected.

## III. *Conclusion.*

There is simply no basis upon which to change the Court's original Order on summary judgment in favor of Defendants. The record evidence established inconsistencies and other evidence of pretext which warrants moving this case forward to the jury. Plaintiff respectfully requests that Defendants' Motion to Reconsider be denied.

Plaintiff,
By her attorneys,

/s/ Carly Beauvais Iafrate

Patricia E. Andrews, #4321

6 Even if this job posting was Sweeting's job, it would still tend to show that there was a plan to fire Plaintiff because if Plaintiff was fired and Sweeting replaced her, the facility would then fill Sweeting's position.

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 16th day of March 2008, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.
campbelc@jacksonlewis.com

/s/ Carly Beauvais Iafrate